

FILED

2011 Nov-18  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

Babatunde Kareem Agoro

    Petitioner

v.　　　　　　　**Writ of Habeas Corpus**

Attorney General

CV-11-P-3951-M

# PETITIONER FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U. S.C. SECTION 2241 AND DECLARATORY AND INJUNCTIVE RELIEF

The petitioner Babatunde Kareem Agoro as Pro-se, hereby petitions this Court for a writ of Habeas corpus to remedy petitioner's unlawful detention by the respondents. Upon support of his petition and complaint for injunctive relief, Petitioner is filing this motion Pro-se and is litigant to less standard, and asserted claims construed liberally, because Pro-se litigant are held to less stringent standards than attorneys also, Hanes v. Kerner, 30 L. Ed 2d 652, 654 (1972), Therefore, Petitioner alleges the following.

Petitioner is in the physical custody of respondents and the Immigration and Naturalization, (INS/ICE/DHS) Since Petitioner has been detained at Etowah Detention Facility which houses Immigration

Detainees, Moreover, a final order of removal entered in the above case by Board of Immigration Appeals on September 27th 2005 Therefore Petitioner is under the direct control of the respondents and their agents. Petitioner requests that the Court construe this Petition liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Venue and jurisdiction is proper in this Court since petitioner is held in custody of Respondents at Etowah Detention Facility a jurisdiction under Northern District of Alabama. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); Zadvydas v. Davis 121 S. Ct 2471 (2001).

## JURISDICTION

This Court has jurisdiction to hear and grant this petition for release from the ''Excessive Mandatory In definite Detention'' by the Bureau of Immigration and Custom Enforcement (BICE). This case is governed under the following citings See Salermo v. United States 481 U.S. 739, 95 L. Ed 2d 697; 107 S. Ct. 2095, the ''Excessive Mandatory Indefinite Detention,'' is governed under the ruling of Zadvydas v. Davis 533 U.s. 678 121 S.Ct. 249 150 L.Ed 2d 673 (2001). Plyder v. Doe 457 U.S. 202, 210, 102 S.Ct 2382, 72 L. Ed 2d 786 (1982) Johnson v. Eisentrager, 339 U.S. 763, 770, 70 S. Ct 936,94 L. Ed 1255 Welch v. Ashcroft 293 F.3d 213, 221, (4th Cir. 2002) Patel v. Zemski, 275 F. 3d 299, 310 (3rd Cir 2001) Kim-Hong v. INS 926, F. Supp. 1180.1996 WL 254100.(1996) St Cyr v. INS 121 S. Ct

2

2271 533, U.S. 289, 150 L. Ed 2d 347, 69 (2001), and Arevado v. Ashcroft 260 F. Supp. 2d 347, (2003).

According to 28 U.S.C. Section 1331, Federal Courts have, complete jurisdiction over constitutional claims which states, that the ''District Courts shall have Jurisdiction of civil action arising under the constitution, laws or treaties, of the United States.'' Petitioner Due Process Claim, arises under the United States Constitution. Here,

Petitioner Babatunde Kareem Agoro claims violation of his Fifth and Fourteenth Amendment rights. Petitioner's claims Substantive Due Process, arises under the United States Constitution. U.S.C.A. Constitution Amend: 5, 14

Second 1252 (g) do not limit judicial review on a writ of Habeas Corpus. Two District Court's in Minnesota, have now interpreted Section 1252 (g) under INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 150 L Ed 2d 347, (2001), and have determined that the section is not applicable in the habeas context. See Jama v. INS, 2002, WL, 507046 (D. Minn March 12 2002) and Farah v. INS, 2002 WL 31866481 (D. Minn. Dec. 20th 2002).

In St. Cyr's case, petitioner sought review of the government's legal conclusion that the attorney general did not have the power to grant discretionary relief from removal. St Cyr, 353 U.S. at 298, 121 S. Ct. 2271. Petitioner was not challenging his deportability, nor any

unfavorable discretionary decision of the attorney general rather the petition presented a ''pure question of law'' Id at 300, 121 S. Ct. 2271

The Supreme Court found that there was no ''Clear Unambiguous and express statement of congressional intent to preclude judicial consideration on Habeas and therefore held that [*399] Habeas jurisdiction had not been repealed by those sections of IIRIRA.

This Court has jurisdiction, to hear and decide this case pursuant to 28 U.S.C.A. Section 2241 (a)(1) and (c)(3). In that this is a petition for Writ of Habeas Corpus and petitioner is held in custody under the authority of the United States, 28 U.S.C.A. Section 2241 (a)(1) and (c) (3). This Court also has an independent jurisdiction to hear and decide pursuant, that suspension clause, of the United States.

This action arises under the Constitution of the United States, and the Immigration and Nationality Act (INS), 8 U.S.C. Sect. 1101 et seq. as amended by the Illegal Immigration Reform and Responsibility act of 1996 (IIRIRA), Pub. L. No. 104-208, 208, 110 Stat. 1570, and Administrative Procedure Act. (APA), 5 U.S.C. Sect. 701et.seq.

This Court has jurisdiction under 28 U.S.C. Sect. 2241; Art I Sect. 2241; Art I Sect. 9, cl. 2 of the United States Constitution (''Suspension Clause''); and the common law, This Court may exercise jurisdiction pursuant to 28 U.S.C. Section 1331, and may grant pursuant to the Declaratory Act, 28 U.S.C. Section Et seq., and all

4

writs Act, 28 U.S.C. Section 1651. Sandoval v. Reno. 166 F. 3d 225 (3rd Cir. 1999); Catney v. Reno, 178 F. 3d (3rd Cir. 1999); Liang v. INS. 206 F. 3d 308 (3rd Cir. 2000) and INS v. St. Cyr. 121 S. Ct. 2271 (2001). As petitioner is presently in custody under color of the authority of the United States. This Court may grant relief pursuant to section 2241, 5 U.S.C. Section 702 and All Writs Act. 28 U.S.C. Section 1651.

Petitioner Babatunde Kareem Agoro has exhausted any and all administrative remedies to the extent required by law and his only remedy is by way of this judicial action after the Supreme Court's decision in Zadvydas.

The department of justice issued regulations governing the custody of aliens ordered removed. See Continued detention of aliens subject to final orders of removal, 66 Fed. Reg. 56, 967 (2001) to be codified at 8 C.F.R. Sect 3.

## POWER TO GRANT WRIT

Writ of Habeas Corpus may be granted by Supreme Court, or any justice thereof of the district courts and any circuit judge within their respective  jurisdiction .... (b) The writ of Habeas Corpus shall not extend to a prisoners unless,

1. He is in custody under or

2. He is in custody in violation of the constitution, or law, or treatise of the United States; of 28 U.S.C. 2241 et seq.; Jurisdiction also lies in this Honorable Court pursuant to the common law and article ''1'', section ''9'' clause ''2'' of the constitution of the United States, which is incorporated here below.

''The privilege of the writ of Habeas Corpus shall not be suspended unless when a case of rebellion or invasion the public safety may require it'' (''Suspension Clause'').

Jurisdiction also lies in this Honorable Court pursuant, to 28 U.S.C. Section 3161 (Mandamus Jurisdiction), and 28 U.S.C. 1331 relief, may be granted pursuant, to the ''A.P.A''. Declaratory Judgment Act 28 U.S.C. Section 1651 and finally petitioner seeks to protect his right under the due process clause of the fifth Amendment of the United States constitution, mandamus is incorporated here below.

The District Court shall have original jurisdiction of any action in the nature of mandamus, to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff (Petitioner). See Asaro v. Ferro, 999 F. Supp 657 (D. Md. 1998 Jurisdiction also lies in this Honorable Court in applying the holding of Henderson v. Reno 157 F. 3d (2nd Cir. 1998). See Sandova v. Reno 166 F. 3d 225 (3rd Cir. 1999). See Conclaves v. Reno 144 F. 3d (1st Cir. 1998). All these cases point to the fact that Habeas Corpus

Jurisdiction lies in District Court and is appropriate to contest the legality of a deportation or a removal order. Whereas the Supreme Court held that District Court has jurisdiction to look into Habeas Corpus petition brought by deportable or removable alien.

## FEDERAL POWER TO GRANT WRIT

The Supreme Court in Demore v. Hyung Joon Kim held that Section 1226 (e) states that: ''The Attorney General's discretionary judgment regarding application of this section shall not be subject to review'', and that ''no court may set aside any action of decision by the Attorney General. Under this section regarding detention, release of any alien does not deprive the Federal Court's of Jurisdiction to grant relief to aliens challenging their deportation under Section1226 (c). This Court further stated where congress intends to preclude judicial review of constitutional claims. It's intent to do so must be clear e.g. Webster v. Doe, 486 U.S. 592, 603, 108 S. Ct. 2047, 100 L. Ed. 2d. 632. Moreover, whereas provision precluding clear statement that such is congress intent. See INS v. St. Cyr, 533 U.S. 289, 308, 327, 121 S. Ct. 2271, 150 [*1711] L. Ed. 347. Section 1226 (e), contains no explicit provision barring habeas page 1713-1714.

Under 1226 (e) the understanding of the responsibility of the Attorney General, he is given the power only to exercise his discretion to individual case by case. Petitioner is a long time permanent resident

who was allowed to enter the United States legally; and is entitled to equal protection and due process rights of the constitution. The discretionary powers that is given to the district director, is limited to ''90-180 days, six months, after such period the Attorney General must give reason as to why the continued detention.

Immigration briefing under presumption of removability states; the law however arbors notions that administrative decision might escape review. Indeed, a foundation of contemporary law is the presumption of removability of administrative action. This presumption expressed emphatically in Administrative Procedure Act (APA); ''A person suffering legal wrong because of agency action, or adversely affected of aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.''

The presumption of validity and regularity of administrative actions has a paradoxical relation to the presumption that those actions are nonetheless removable. Mirroring this paradox, the APA provides that a reviewing Court shall hold unlawfull and set aside agency action found to be, ''abuse of discretion.''

Moreover, judicial review of some kind is usually available, even though 1. The Immigration laws have always provided, and the INA still provides, that administrative decisions in deportation exclusion proceedings shall be ''final'' and 2. Immigration decisions are based

on congressional powers that are uniformly "deemed to be plenary" Control over matters of Immigration, "The Supreme Court declares the sovereign prerogative." In 1976, the Court reaffirmed the principle that "the power over aliens is of a political character and thereof subject only to judicial review." Put even more boldly; this Court has repeatedly emphasized that over no conceivable subject is the legislative power of congress more complete than it is over the Admissions of aliens.

Petitioner Babatunde Kareem Agoro asserts that this Honorable Court retains jurisdiction to hear this petition to the United States Constitution. The Immigration and Nationality Act (INA) of 1992 as amended, and by virtue of U.S.C. Section 1101 et seq; the relevant section of the Administrative Procedures Act (APA), 5 U.S.C. Section 701 et. seq; Jurisdiction also lies in this Court pursuant, to 28 U.S.C.A Section 2241 to review INS/BICE/ DHS. In their discretionary judgment to keep petitioner in custody indefinitely is a constitutional violation. In full calculation since the beginning of custody, by INS/ BICE/DHS. On January 16th 2009, exceeds 90 day's, to this point the detention becomes excessive, and certainly not a law according to the Supreme Court of Justices Concurring in the case, "Also exceeding the 180 Days on July 16th 2009 " of Demore v. Kim; In Zadvydas v. Davis 533 U.S. 678, 701 (2001); the District Court determines, that

the construction of the statute applied uniformly to both admitted, and Inadmissible aliens, and thus held that absent of significant likelihood that petitioner actually will be removed from the United States in the reasonably foreseeable future is entitled to be released. Post-removal detention is civil in nature, not criminal. Therefore, Petitioner should be, released immediately; In Zadvydas, the Supreme Court held that the reasonable length of detention beyond ''90 days'' removal is six months....

## SUBSTANTIVE DUE PROCESS VIOLATION

Under due process clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Babatunde Kareem Agoro, in this case has been  denied the opportunity. There is no administrative mechanism in place for the petitioner to obtain a decision from a neutral arbiter or appeal a custody decision that violates Zadvydas. See generally 8 C.F.R. Section  212.12. The custody review procedures are constitutionally insufficient both as written and as applied. A number of Courts have identified a substantial bias within the ICE/DHS toward the continued detention of whom they alleged to be aliens, raising the risk of an erroneous deprivation to unconstitutionally high levels. See e.g. Phan v. Reno. 56 F. Supp.2d. 1149. 1157 (W.D. Washington

1999). ("ICE/DHS). does not meaningfully and impartially review the petitioner's custody status"). St John v. Mc Elroy, 917 F. Supp. 243, 251 (SDNY 1996). ("Due to political and community pressure the ICE/DHS, an executive agency, have every incentive to continue, to detain aliens with aggravated felony convictions. Even though they served their sentences, on the suspicion that they may continue to pose a threat to community."). See Rivera v. Demore No C 99-3042 199 WL 521177 *7 (N.D. Cal, July 13, 1999)(procedural due process requires that alien release determination be made by impartial adjudicator due to agency bias).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that "six month is the presumptively reasonable period during which ICE/DHS may detain in order to effectuate their removal. Id at 702. Interim Administrative Regulations also recognize that the HQPDU had a six-(6) month's period for determining whether there is a significant likelihood of an alien's removal in the reasonably, foreseeable future. 8 C.F.R. Section 241.13 (b)(2)(ii).

Mr. Babatunde Kareem Agoro continued detention by the government violates 8 U.S.C. Section 1231 (a)(6), as interpreted in Zadvydas. Petitioner's "Ninety-Days" statutory removal period and "Six Months presumptively reasonable period for continued removal efforts both have passed on July 16th 2009, In Zadvydas, the

Supreme Court held that the continued indefinite detention of someone like Mr. Babatunde Kareem Agoro under such circumstances is unreasonable and not authorized by 8 U.S.C. Section 1231 (a)(6).

Section 1231 (a)(6) does not draw any distinction between alien's, who are removable on the grounds of inadmissibility, and those removable on grounds of deportability. Therefore, the Zadvydas holding applies to both inadmissible as well as admissible aliens under order of removal Xi v. INS, 298 F. 3d 832, 835-36 (9th Cir. 2002).

Mr. Babatunde Kareem Agoro substantive and procedural due process were being violated in Hermanowski v. Farguharson 39 F. Supp. 2d. 148 (D. RI 1999). The Court holds that due process right contained in the Fifth Amendment is composed of procedural and substantive components. Procedural due process focuses on the fairness of the procedures used by the Governments when it acts to deprive a person of life liberty or property. The Supreme Court recently reaffirmed that  the protection of the due process clause;

 Applies to all persons within the United States, including aliens whether their presence here is lawful, unlawful, temporary or permanent, or as a United States citizen'' See also American Jurisprudence 2d. ''Volume 3'' Alien and Nationals; See Zadvydas v. Davis 121 S. Ct. 2291 (2001). Procedural due process challenges the Government conclusively to presume unfitness for some benefit for the

basis of some event or characterize without holding an individualized hearing on the issues of unfitness. Whether, an individual is a threat to the community or a flight risk. See Patel v. Zemski 275 F. 3d 299, 314 (3rd Cir. 2001); Kim v. Ziglar.276 F. 3d 523 (9th Cir. 2002). These Court's have held that the mandatory detention violates due process right without a bond hearing, the Court held that such action or policy is unconstitutional.

Petitioner's Babatunde Kareem Agoro, detention raises question whether a person has a constitutional right to freedom from incarceration absent a judicial finding of unacceptable flight risk or danger to the community where the probable cause for removal from the United States exists, but a final determination has not been made. William Blackstone commentary's *134. Blackstone teaches that for a judicial officer to refuse or delay, to bail any person. ''liable'' is an offense against the liberty of subject by common law. As well as by statute and Habeas Corpus Act'' 4d *297 (Emphasis in original). (*219) Blackstone notes that every person, is not ''liable'' and suggests that the legislator can prohibit bail all together. Id. but he also writes that, the mandatory detention regime, is unwise and was unknown in  English Law.

The petitioner's claim is substantial; his plight is real. he faces continued detention perhaps indefinite; the Constitution provides

13

protection of the due process clause. Liberty under the clue process clause includes protection against unlawful or arbitrary personal restraint or detention. See comprehensive opinion of the Honorable Judge Marvin H. Shoob, Nothern District of Georgia, in the case of Soroa-Gonzales v. Civiletti, 551 F.Supp.1049, 1056 (N.D. Ga 1981). This view is in accordance with the leading treatise on Immigration law and procedures. See Gordon and Rosenfield, Immigration law and procedure's 2.54, in which it states :

''The award or refusal of parole, the conditions fixed, and termination of parole obviously involves the exercise of discretion. This discretionary authority is broad, but not, unlimited. It may be subjected to judicial scrutiny on a charge, the discretion was arbitrarily exercised or withheld''.


The Supreme Court states that ''When detention is prolonged, special care must be exercised so that confinement does not continue beyond the time when the original justifications for custody are no longer tenable and measure must be taken to assess the risk of Flight, and danger to the community. On a current basis'', and that ''grudging and perfunctory review is not enough to satisfy the due process liberty, even for alien's.''

A total bar against petitioner's findings of ''dangerousness is

14

without question is a blunt tool by which to restrict personal liberty. See Carlson, 342 U.S. at 538 & n. 31, 72 S. Ct. 525, An infringement of liberty on account of past act suggest that the purposes that the infringement may be punitive rather than regulatory. See Nesta, 363 U.S. at 619-20,80 S.Ct. 1367. Any fact than a prior conviction that increases the maximum penalty for a crime must be charged in an indictment  submitted to a jury and proven beyond a reasonable doubt. See Apprendi v.New Jersey, 530 U.S. 466, 477, 120 S.Ct. 2348,147 L. Ed. 2d. 235 (2000).

Upon examination of petitioner's circumstances to determine whether the state violates Due Process as applied in this case, it is concluded that it does. Six-months of incarceration, with extensive ties to the community. Petitioner's assets are diminishing rapidly. With no chance of release, Petitioner, detention constitutes punishment without trial. Petitioner needs a tolerable bail, petitioner argued that special circumstances exists to demonstrate that condition of release exists that will reasonable accrued his presence at future proceeding Petitioner is not a risk of flight and he has the support of his family.

See Shepherd v. Merit System Protection Board, 651 F. 2d. 10409 (D.C. Cir. 1981), and Piper v. Erosland 519 F. Supp. 962 (E.D.N.Y. 1981). Petitioner has interest to remain free, regardless of conditions, to satisfy all the elements, and condition of release; by allowing a

review without the right conclusions, such detention the Court would be permitting (INS) to indefinitely hold an individual who has no power to prove clause. See Chmakov v. Blackman, 266 F. 3d 210 (3rd Cir. 2001).

In Salermo v. U.S. 481 U.S. AT 747, 107. S. Ct. 2095. The Court recognized that a person who, is detained pending trial, has a fundamental liberty interest, in freedom from restraint, the liberty interest of person who is detained, pending deportation proceedings is no less fundamental. Therefore, petitioner Babatunde Kareem Agoro has a fundamental liberty interest in freedom from restraint. The liberty interest of a person who is detained pending deportation proceedings is no less fundamental. As a result petitioner's fundamental liberty interest in freedom from detention proceedings that may only be infringed upon in certain limited circumstances. Courts that have considered the constitutionality of INA Section 236 (C) have phased the liberty interest in various ways. See e.g. Gashaj v. Garcia, 234 F. Supp. 2d 661, 666, (W.D. Tex. 2002) (Right characterized as the ''Fundamental right to be free from bodily restraint''). Also Cardoza v. Reno, 127 F. Supp. 2d 706, 111 (D. Conn. 2001).(Right characterized  ''as the right to free arbitrary confinement''). Small v. Reno, 127 F.  Supp. 2d 1052, 1058 (E.D. Mich. 1999). (Right characterized generally as ''right to liberty''). See

Washington v. Glucksburg, 521 U.S. 702, 722, 138 L. Ed 2d 772, 117 S, Ct. 2258 (1997). Infringements of liberty interest, that are not fundamental subject less exacting scrutiny

The substantive process requires a ''close Nexis between the Government's goal's and deprivation of interest in question'' Patel, 275 F. 3d 311. Absent an individualized hearing process to determine petitioner likelihood of flight. The government demonstrates the required Nexis between Section 236 (C) mandatory detention requirement and the government interest in preventing a deportable alien from fleeing pending the final outcome of appeal. However, for Section 236 (C) simply presume that petitioner is dangerous without the opportunity to rebut that presumption violates his substantive due process rights.

Petitioner asserts that while the performance of assigned constitutional duties, each branch of the government must initially interpret the constitution. See United States v. Nixon, 418 U.S. 683, 703, 95 S. Ct 3090, 31205, 41L. (2nd Cir. 1974). Ultimately the final word of interpretation of the Supreme Court Law of the land standing on all fours, that constitution and congressionally enacted statute must come from the judiciary; as the judiciary is the final authority on issues  of statutory constitution See Chevron v. Natural Resources Defense, 467 U. S. 837, 843 N. 9, 104 S. Ct 2778 N9 81 L. Ed. 2d.694

(1984).

Petitioner Babatunde Kareem Agoro believes he has provide all the evidence in support of his release to the office of BICE and ask this Honorable Court to intervene and look into the injustice of which he is now suffering. His mandatory indefinite detention has caused emotional and mental strain to whom are all waiting for his return home. He further asserts that he should not be deprived of assets and property. In violation of his Constitution Amendment. 5, 8, 14.

## RELEASE FROM CUSTODY AFTER ''90'' DAYS PERIOD

Petitioner's 90-Day statutory removal period and (6) months presumptively reasonable period for continued removal efforts have both expired; and his continued detention violates 8 U.S.C.A. Section 1231 (a)(6). Pursuant to 8 U.S.C.A. Section 1231 (2)(1)(a), the removal period starts at ''one'' of ''three'' points.

   a. The date the alien is released from criminal confinement and taken into custody, by ICE/DHS; See 8 U.S.C.A. Section 1231 (2)(1)(B).

   b. The date the order becomes administratively final;

   c. Or, the date any review court's final order;

On the petitioner case, this date is January 16th 2009, 180-Day requested by the Supreme Court ended on July 16th 2009, To be held in custody, beyond the reasonable time, period of ''90'' Days to ''180''

18

Days without criminal charges or indictment can only be deemed as punitive in a malicious arbitrary, capricious manner of violations of one's constitutional rights of the fifth (5th) and fourteenth (14th) Amendments. If the aliens does not leave, or not removed within the removal period, the alien pending removal shall be subject to supervision under regulations prescribed by the Attorney General.

These regulations are, listed under the INA Section 241 (a)(3) Supervision after 90 day period''. As it could be, seen in the case of Kim Hong v. INS, 926, F. Supp. 1180 decided by the Supreme Court of the United States, in which has been in the Conclusion that the Mandatory Detention by the Department of Homeland Security is not, prohibited pass the Reasonable Time of Removal. Which to say if the Alien is not removed in ''90'' Days, the lengthy period of time could extend to ''180'' Days, not ''180'' Days, pass the 90 Days, but in concurrent until the 180 Days. In which case, the time is extended pass the 90 Day's. The Department would have to show that the documents are at hand in order to extend the period, in some situations the case could not if the removal is not perfected in the reasonable and meaningful time.

Petitioner's Detention violates the Constitution, and is in violation of the due process and is otherwise unlawful.
Section 241 (a)(1)(B) of the act addresses the custody of aliens who

are subject to administratively final orders of removal. See Immigration and Nationality Act Section 241 (a), 8 U.S.C. Section 1231 (a) (Applying to the ''Detention Release and Removal of Aliens ordered Removed'') Under Section 241 (a), detention of an alien is authorized and mandatory during a ninety-day removal period Id. ''The removal period begins on the latest of .... The date the order of removal becomes administratively final .... [or], [if] the removal order is judicially reviewed and if a court order a stay of the removal of the alien. The date of the Court's final order .... Id. if a judicial stay is granted, this removal period could be extended. See Id. Section 241 (a)(1)(C), 8 U.S.C. Section 1231 (a)(1)(C), (''The removal period shall be extended beyond a period of 90 days, and the alien may remain in detention during such extended period, if the alien fails or refuses to make timely application in good faith .... or acts to prevent the alien's removal subject to an order of removal''. (Emphasis Added), and will begin a new after the ''date of the Court's final order'' the dissolution of the judicial stay. See Id. Section 241(a)(1)(B)(ii), 8 U.S.C. Section 1231 (a)(1)(B)(ii). Pursuant to Section 241 (a)(1)(C). ICE may either detain or release the alien in its discretion if the removal period is extended beyond ninety days as a result of the granting for a judicial stay.

In order for the time of the petitioner start running until his ''90''

day's, he would have to have a last order which to say not being judicially review, and with out a stay of removal. As a stay not granted in relation to the petitioner's last order or no other challenge to the underlying removal order, it is unclear whether it acts to extend the removal period under Section 241 (a)(1)(B)(ii) of the act, as that provision specifically refers to stay granted while a ''removal order is judicially reviewed''. Immigration & Nationality Act Section 241 (a)(1) (B)(ii), 8 U.S.C. Section 1231 (a)(B)(ii) (2000). However, we are not considered to so extend the petitioner's removal period. The petitioner would still be eligible for release in the discretion of ICE under Section 241 (a)(3) because more than ninety day's have elapsed since his removal order become final by (IJ) and the (BOARD).

### ARGUMENT

Petitioner Babatunde Kareem Agoro argues that he is being held by the office of Bureau of Immigration and Customs Enforcement (BICE), formerly the Immigration and Naturalization Service (INS). Petitioner has been in the custody of (BICE) since he was encountered by (INS) Immigration and Nationalization Service on January 16th 2009 and

In Zadvydas v. Davis, 533 U.S. 678 (2001), The Supreme Court held that ''six months is the presumptively reasonable period during which ICE/DHS may detain alien's in order to effectuate their removal.

21

Id. at 702. Interim Administrative Regulations also recognize that the HQPDU had a six -(6) month's period for determining whether there is a significant likelihood of an alien's removal in the reasonably, foreseeable future. 8 C.F.R. Section 241.13 (b)(2)(ii).

## VENUE

Pursuant to Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District for the Northern District of Alabama, the Judicial District of Alabama, the Judicial in which Petitioner resides and where the INS District Director who may enforce the final order of removal have offices 28 U.S.C. Section 2241 et.seq. and Sect. 1391.

## FACTUAL BACKGROUND

Mr. Babatunde Kareem Agoro is a native and citizen of Nigeria, Petitioner was admitted to the United States as a legal permanent residence On the  January 5th 1980, petitioner has been in United States for more than 31 years, he has never gone back to his Country and because the petitioner is afraid and scared to go back to his Country due to the fact of Islamic Persecution for any religious convert, an act called [''APOSTASY''].

Petitioner Babatunde Kareem Agoro was placed into Deportation proceeding by issuance of an order to show cause [''OSC'']

dated on December 28th 1996.

Petitioner received his Notice to Alien to File Custody Review, indicated that, his custody status will be reviewed on or about June 24th 2011, and On July 26th 2011 a decision to continue detention was rendered.

All matters as stated by the IJ will have no consideration upon the Immigration deportation officer to review his case, and allow him his first custody review, since petitioner was placed under INS/DHS/. detention since January 16th 2009. and consider to be released on bond or supervised release.

On or about June 24th 2009 petitioner received INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL, and was requested to cooperate with ICE to optioning the travel documents such as letter to his Embassy, and make a Phone call to the Consulate General of Nigeria and during this time petitioner requested for his travel document from Nigeria Consulate, petitioner requested this travel documents upon the ICE/DHS request to show the ICE/DHS that he cooperate to obtain his travel documents, but infact he knows very well the Nigeria Government will not issue travel document to the petitioner and besides, the Country condition is very bad to an [''APOSTATE''] Petitioner stated to this Honorable Court that, since the Nigerian

Government cannot provides him with travel document in the
foreseeable future, he qualifies for an order of supervision release
because it is very unlikely that he could be deported to Nigeria in the
reasonable and foreseeable future, because his first name is
[''KAREEM''] and he cannot go back to Nigeria due to the fact that,
there is [''WAR''] among Nigeria Muslim and Christian. Besides, he was
born Muslim and converted to Christian, also he is the founding pastor
and the Minister in charge of Prayer House of Deliverance Church in
Brooklyn New York.

 Petitioner Babatunde Kareem Agoro is not a danger to the public
safety, he is not a  treat to the society nor a flight risk.

The basic proposition that the judiciary will not give weight to the
actions of the administrative agencies that are ''Arbitrary'' ''Capricious''
or ''Manifestly Contrary to the Statute'', It is Unconstitutional''.
See INS v. Cordeza Fonseca, 400 U.S. 421, 444n, 29, 94 L.Ed 2d 434
(1987). Petitioner contends that in contrast to the discretionary policy
questions left open in legislation to administrative interpretation,
questions of statutory construction are for the judiciary. ''It is
emphatically the province and duty of the judicial department to say
what the law is ''Marbury v. Madison, 5 U.S. (1 Branch) 137, 177, 2L.
Ed, 60 (1803). In this case, Petitioner is, treated with reckless
disregard with this mountain of a threshold to achieve liberty of which

he has accomplished. However, the office of (ICE) has restricted

petitioner's liberty, and thereby increasing his vulnerability, to abusive

government action or private harm, which is a violation of

''Substantive Procedural Due Process Rights'' Under the 14

Amendment. See Williams v. Borough of Westchester, 891 F. 2d 458

464n. 10 (3rd Cir. 1989). ''It is well established that all individuals in

the United States .... Citizens and Aliens are alike are protected by the

Due Process Clause of the Constitution''. See Mathew v. Diaz, 426 U.S.

67, 77, 96 S.Ct 1883, 1890, 48 L. Ed. 2d. 478 (1976). In addition, it is

well established that Due Process Clause incorporates the guarantees

of equal protection. Whether the Aliens is lawful, unlawful, parole

permanent or temporary. See Johnson v. Robinson, 415, U.S. 361,

364n. 4, 94 S. Ct 1160, 1165n. 4, 39L. Ed. 2d. 389 (1974). Zadvydas

v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 2499-2500, 150 L. Ed 2d 653

689 (2001). Also Landon v. Plasencia, 459, U.S. 21, 25-29, 103 S. Ct.

321, 325-26, 74 L. Ed. 2d. 21, 25-28. (1982).

   The Supreme Court has found that ''Congress .... Possesses broad

power to regulate the admission and exclusion of Alien's, INS v.

Delgado, 466, U.S. 210, 235, 104 S.Ct. 1758, 1772, 80 L. Ed. 2d 247

(1984)'' and in fact, ''[O]ver no conceivable subject is the legislative

power of congress more complete than it is over the admission of alien

See INS v. Chadha, 426, U.S. 919, 1000. 103. S. Ct 2764, 2809. 77 L.

Ed 2d 317 (1983). Quoting Kleinndiest v. Mondell, 408, U.S. 753, 766, 925 S. Ct. 2576, 2583. 33 L. Ed 2d 683 (1972). (Quoting Oceanic Steam Navigation Company v. Stranahan. 214 U.S. 320, 339, 29 S. Ct. 671, 676. 53 L. Ed. 1013 (1908). However the Court has also observed that. ''In the enforcement of these policies, The executive of the government must respect that the procedural safeguards of Due Process.'' See Galvan v. Press. 347 U.S. 522, 531, 74 S. Ct 737, 743, 98 L. Ed. 911 (1954). The Constitution guarantee of equal protection under the law, had been held applicable to aliens as well as citizens for over a century. See Yick-wo v. Hopkins, 118 U.S. 356, 373-74, 65. Ct 1064, 1072-73, 30 L. Ed 220 (1886).

Though deportation is not suppose to be a criminal proceedings, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom. Meticulous care must be  exercise lest the procedure by which the petitioner is deprived of the liberty, not meet the essential standards of fairness'' Yepes-Prado, 10 F. 3d at 1369n. 11.

However, Petitioner has been detained by the ICE for about 35 Months, and he has been ordered deported since September 27th 2005 which was his final order  by the Board of Immigration Appeals, and he is  still in detention, simply because the ICE cannot effectuate his removal to his Native Country of Nigeria.

The Petitioner has exhausted all administrative remedies and does not have an adequate remedy at law, unless the said writ issues on injustice and prejudice, which would be inherent.

After the Supreme Courts decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens ordered removed, See continued detention of Aliens Subject to final Orders of Removal, 66 Fed, reg. 56,967 (2001)(To be codified at 8 C.F.R. pt. 3 and 2421). Petitioner at bar has been detained more than 6 months since the 90 day removal period ended, ''which means that petitioners continued detention is no longer presumptively reasonable specifically, petitioner has been detained for more than 6 months, since he received a final order of removal.

Petitioner asserted that he never received any papers or information from the ICE about his release. He only received a notice stating that his detention will continue. Also the petitioner and the ICE contacted the Nigeria Embassy in order to facilitate his removal. The Nigeria Embassy refused to issue travel documents, and believes that his burden under Zadvydas is satisfied by bare allegations that ICE has made no efforts to remove him. Regulation does not provide any other administrative method of obtaining or appealing custody review decision. See 8 C.F.R. Section 241.13 (g)(2). No statutory exhaustion requirements apply to petitioner's claim of

unlawful detention.

## ARGUMENT OF FLIGHT RISK

In petitioner's case, as an alien, the Supreme Court has said that a

concern flight risk, however, legitimate cannot by itself justify

mandatory detention before trial, See Salermo, 481 U.S. at 754-55

1075 S. Ct. 2095. Also, Kansas v. Hendricks 521 U.S. 346, 358, 117

S. Ct. 2072. 1381 Ed. 501, 91997).(Finding of Dangerousness,

standing alone, is ordinarily not a sufficient ground upon which to

justify, indefinite Involuntary commitment, mandatory detention

based on prior conviction. In civil removal proceedings, must not add

not to the punishment administered those conviction in the first place

See Martin, 467 U.S. At 269, 104 S.Ct. 2403 therefore the

Immigration Authorities cannot go beyond a judicial record to

determine the guilt or innocence of an Alien. See U.S. Exrel v. Uhl,

210 F. 860, (2nd Cir. 1914). petitioner's right to pursue his

administrative right with substantial likelihood of success constitute

special circumstances which could justify release on bail, or an order of

supervision since he has exceeded the detention period of ''90'' Days

and petitioner did not present serious risk of flight, dangerousness to

society, threat to national security or policy of the United States and

conditions exists to reasonably assured petitioner's presence at future

proceedings.

Standard INS Policy, for years has been to release aliens who do not pose a risk of flight or danger to the community. See Vigile v. Sava 535 F. Supp. 1002 (S.D.N.Y. 1982). District Court Honorable Judge Robert L. Carter hold that habeas jurisdiction is properly exercised to stay alien exclusion orders when relief sought inheres in question of custodial restrain upon liberty.

See Seretse-Kharma v. Ashcroft 215 F. Supp. 2d 37, 2002 In L 1711751 (D.D.C. 2002); Granting Immediate release while holding that alien challenging indefinite detention by ICE/DHS, was entitled to preliminary injunction for release from custody pending either resolution of his petition of his removal. Even if an alien did not present clear risk of flight or danger to the community.

## LEGAL FRAME WORK FOR RELIEF SOUGHT

The Petitioner Babatunde Kareem Agoro is in custody pursuant to INA Section 241 (a)(6). Under INA Section 241(a)(1), 8 U.S.C. Section 1231 (a)(1) The INS shall remove aliens within ninety days of an administratively final order of removal. Further, for aliens with a final order of removal who have entered the United States, INA Section 241 has been interpreted by the Supreme Court in Zadvydas to only authorize continued detention for a period reasonably necessary to secure the alien's removal See Zadvydas, 121 S. Ct. at 2505. The Supreme Court found in Zadvydas that six months is the

presumptively reasonable period for removal in most cases. See Id. since the Petitioner was ordered removed on September 27th 2005 and his six-month presumptively removal period ended. Order of deportation immune to direct attack, the issue remained open as to whether Sect. 440 (a) precluded collateral habeas review)(FN5); American-Arab Anti-Discrimination Committee v. Reno, 119 F. 3d 1367, 1374, (9th Cir. 1997); also (Nothing that the Limitation of IIRIRA and the AEDPA, as incorporation by IIRIRA, on habeas review remain unclear; ''(S)ome from of  statutory habeas relief may remain available, and indeed, in certain case habeas review may be constitutionally required, such as petitioner''); See also Chow v. INS 113 F. 3d 659 (7th Cir. 1997); Kolster v. INS, 101 F. 3d 785 (1st Cir. 1996); Hincapie-Neto v. INS,  92 F. 3d 27 (2nd Cir. 1996).

Furthermore, despite the language of AEDPA 440 (a) stating that, in the case of a final order of deportation against an alien and alien who is deportable by reason of having committed certain criminal offenses, there shall be no review by any Court, ''Several district Courts, concluded that they still have jurisdiction to consider writs of habeas corpus brought to 28 U.S.C. Section 2241, (FN6). See Application of Castellanos, 955 F. Supp. 96 (W.D. Wash. 1996); Yesil v. Reno, 958 F. Supp. 828, 837-39 (S.D.N.Y. 1970), reconsideration denied, 973 F. Supp. 372 (S.D.N.Y.1997);

Eltaveb v. Ingham, 950 F. Supp 95, 98-99 (S.D.N.Y. 1970); Viliz v. Caplinger, No Civ. A 96-1508, 1997 WL 61456, at 2 (E.D. L.A. Feb. 12 1997); Owell v. Jennifer, 937 F. Supp 1245, 1252-53 (E.D.Mich 1996); Dunkley v. Perryman, No. 96 C-3570, 1996 WL 462191, at 2 and 3 (N.D. ILL. Aug. 9, 1996); Mbiva v. INS, 903 F. Supp. 609 (N.D.GA. 1996).

The majority of these Courts have limited habeas review to situations, which raise ''substantial constitution question'' or challenge a fundamental miscarriage of justice (FN7). In Mbiva v. INS, 903 F. Supp. 609 (N.D.GA 1996). The Court reasoned under that, in order to avoid finding that revised Sect. 1105 (a)(10) is unconstitutional under the suspension clause it was necessary to find that 28 U.S.C. Sect. 2241 preserves the writ of habeas of alien to deportation. Id. at 612. Citing Ruckelshaus v. Monsanto (1338) CO.. 467 U.S. 986. 1018. 104 S. Ct. 2862, 2880-81, 81 L. Ed. 2d 815 (1984). The Court Ruckelshaus v. Monsanto held, ''However, that to preserve the balance between the Suspension Clause and Congress plenary authority to control Immigration, the constitution requires only that [With respect to aliens subject to orders of Deportation for committed certain] the writ of Habeas corpus extend to those situation in which the petitioner's deportation would result in a fundamental to those situations in which the petitioner's deportation would result in a fundamental miscarriage

31

of justice'' Id. in Yesil v. Reno 958 F. Supp. 828 (S.D.N.Y. 1997), The

Court relied heavily on the Supreme Court's holding in Felker v. Turpin

518 U.S. 615, 116 S.Ct. 2333, 135 L. Ed. 827 (1996), In holding that

the AEDPA did not repeal Section 2241 to review all final order of

deportation with respect to alien in custody in violation of the

constitution or law or treaties of the United States. Yesil, 958 F. Supp.

At 837.(Quoting 28 U.S.C. 2241).

   In Felker, the Supreme Court held that Title 1 of the AEDPA did

not repeal the Supreme Court's authority to entertain original Habeas

petitions filed pursuant to Section 2241. The Supreme Court noted

that the AEDPA did not make mention of Section 2241 and the court

held that Title 1 of the AEDPA did not repeal Section 2241 by

implication.

## STATUTORY VIOLATION

   Petitioner's continued detention by the Respondents violates INA

Section 241 (a)(6), as interpreted in Zadvydas. The Petitioner's

Ninety-Day statutory removal period and six-month presumptively

reasonable period for continued removal efforts have both passed. it is

extremely unlikely that the respondents will be able to remove the

Petitioner to Nigeria in the reasonably foreseeable future. The

Supreme Court held in Zadvydas that the continued detention of

someone like the Petitioner under such circumstances is unreasonable, and is not authorized by INA Section 241.

The Petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. See Zadvydas, 121 S.Ct. at 2498-99.

The Due Process Clause requires that the deprivation of the Petitioner's liberty be narrowly tailored to serve a compelling government interest. While the Respondents would have a compelling government interest in detaining the Petitioner in order to effect his deportation, that interest does not exist and he is unlikely to be deported. Zadvydas thus interpreted INA Section 241 to allow continued detention only for a period reasonably necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest, to effect the alien's removal. See Zadvydas 121 S. Ct. at 2499.

## PROCEDURAL DUE PROCESS VIOLATION

Under the Due Process Clause of the United States Constitution an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The Petitioner in this case has been denied that opportunity. First, the respondents have violated their own regulations by failing to acknowledge or act upon the Petitioner's administrative request for release in a timely manner. See 8 C.F.R.

Section 241.13 (e)(1). Further, there is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner pray that this court grant the following relief.

1. Appoint petitioner counsel.

2. Order a constitutionally-adequate hearing where government must demonstrate that petitioner continued detention is justified.

3. Declare that respondent ''failure to provide petitioner's a constitutionally adequate hearing, where the government must demonstrate that petitioner's continued detention is justified violates the Immigration and Nationality Act. The Administrative Procedures Act and the due process clause of the Fifth amendment.

4. Grant petitioner's reasonable attorneys fees, cost, and other disbursements pursuant to the equal access justice act, 28 U.S.C. Section 2412 and

5. Grant any other and further relief, including appropriate relief upon consideration of petitioner's claim.

## CONCLUSION

Therefore, petitioner Babatunde Kareem Agoro respectfully request

that this Court immediately order the INS to exercise its discretion to

release  petitioner on parole, or on order of his own recognizance, or a

Reasonable bond. Petitioner prays that a writ of habeas corpus shall be

Issued directed to the respondent requiring them to show cause why

Petitioner should not be discharge from the restraint of liberty now

Imposed on him by the respondent.

Petitioner further prays for this Court to grant this request in

Which the petitioner has indeed shown his burden of proof. Which now

Shifts to the respondents to show why this Continued detention is not

a violation of due process of law. In this case, petitioner also prays

That this Court grants such, and further as to this Court seems proper,

these circumstances.

Respectfully Submitted

Babatunde Kareem Agoro

Executed On:

15th Day of November 2011

## CERTIFICATE OF SERVICE

I Babatunde Kareem Agoro, Prose hereby affirm under penalty of perjury that the following is true. On the 15th Day of November 2011 served the Petition  for Writ of Habeas Corpus pursuant to Section 2241 of the Title 28 of the United States Code to the clerks of the Court via U.S. postal service, by priority mail and given it to the Recreational specialist to deposit it in an Institutional official mail room Addressed

To:

UNITED STATES ATTORNEY'S OFFICE
NOTHERN DISTRICT OF ALABAMA

Respectfully Submitted

Babatunde Kareem Agoro
Etowah County Detention Facility
827 Forrest Avenue
Gadsden AL, 35901