IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>MIDDLE DIVISION</u>

| | |
|---|---|
| BABATUNDE KAREEM AGORO, | |
| Petitioner, | Civil Action Number |
| vs. | 4:11-CV-03951-RDP-TMP |
| ERIC HOLDER, et al., | |
| Respondents. | |

**RESPONDENTS' OPPOSITION TO AND MOTION TO DISMISS
<u>THE PETITION FOR A WRIT OF HABEAS CORPUS</u>**

Comes now Respondent, United States Attorney General Eric J. Holder, Jr., by and through Joyce White Vance, United States Attorney for the Northern District of Alabama, and Carolyn W. Steverson, Assistant United States Attorney for this District, and hereby opposes and moves to dismiss the petition for a writ of *habeas corpus* filed by Babatunde Kareem Agoro.

## **<u>INTRODUCTION</u>**

This is an immigration case. Petitioner, Babatunde Kareem Agoro ("Agoro" or "Petitioner"), (A 099-134-567), is a deportable alien awaiting removal from the United States following his conviction of criminal offenses in the United States. Agoro filed this *habeas corpus* petition pursuant to 28 U.S.C. § 2241 in which he challenges his detention pending removal. (See Petition).

In his *habeas* petition, Agoro makes two arguments in support of his release. First, Agoro argues that his detention contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis,* 533 U.S. 678 (2001). Second, Agoro argues that his continued detention violates his procedural due process rights, also relying on *Zadvydas.* The Court should dismiss Agoro's petition for the reasons set forth below.

## STATEMENT OF FACTS

### Background, Criminal Conviction Information, and Immigration Removal Proceedings

Agoro is a citizen of Nigeria, who last entered the United States at JFK International Airport, New York, New York on or about January 5, 1980. (Exhibit 1 – Declaration of Gerald Smith, Assistant Field Office Director, ¶ 2). On December 1, 1983, Agoro adjusted his status to that of a Lawful Permanent Resident. (*Id.* at ¶ 3).

On May 1, 1991, Agoro was arrested and, on April 1, 1992, convicted and sentenced to eight months imprisonment. Agoro failed to appear for the sentencing and was subsequently sentenced to ten months imprisonment. Subsequently, Agoro served his term of imprisonment and was released before October 23, 1995. (*Id.* at ¶ 5).

On April 1, 1996, Agoro was convicted for violating the terms of his supervised release. He was sentenced to twelve months of incarceration and was

released on December 31, 1996. (*Id.* at ¶ 6). On or about October 28, 1996, Agoro was served an Order to Show Cause (Form I-221) via regular mail charging him with removability as an alien who has been convicted of two crimes involving moral turpitude. (*Id.* at ¶ 7). Subsequently, on September 19, 1997, Agoro was ordered removed to Nigeria by an Immigration Judge (IJ). (*Id.* at ¶ 9).

Agoro filed several appeals with the Board of Immigration Appeals (BIA) and on February 2, 2005, the BIA remanded his case to the IJ. (*Id.* at ¶ 10). On September 17, 2007, the IJ denied Agoro's waiver application for relief and ordered him removed to Nigeria. (*Id.* at ¶ 11). On September 27, 2007, Agoro's appeal to the BIA was dismissed. (*Id.* at ¶ 12).

On January 15, 2009 Agoro filed an untimely motion to reopen his deportation proceedings, which the BIA denied on March 17, 2009. (*Id.* at ¶ 13).

On April 16, 2009 Agoro filed a motion to reconsider, which the BIA denied on May 12, 2009. (*Id.* at ¶ 16). On June 8, 2009 Agoro filed a petition with the Second Circuit Court of Appeals for review of the BIA's May 12, 2009 decision. Agoro also filed a motion to stay his removal. (*Id.* at ¶ 17).

On July 23, 2009, the Second Circuit Court of Appeals stayed Agoro's removal from the United States pending resolution of his petition. (*Id.* at ¶ 18). Subsequently, on September 3, 2009, the Second Circuit dismissed Agoro's

petition for review for lack of jurisdiction and lifted the stay of removal. (*Id.* at ¶ 19).

On October 5, 2009, Agoro moved the Appeals Court to reconsider its denial. However, the Court denied Agoro's motion on November 16, 2009. (*Id.* at ¶ 20).

On November 16, 2009, ICE renewed its request to the Nigerian Consulate for a travel document. (*Id.* at ¶ 21).

Agoro filed a Motion to Reopen with the BIA and on December 18, 2009, the BIA dismissed the Motion to Reopen. (*Id.* at ¶ 22).

On January 12, 2010 ICE Headquarters Custody Management Unit (HQCMU) notified Agoro that he would be continued in detention pending his removal. (*Id.* at ¶ 24).

On January 19, 2010, Agoro filed another Motion to Reopen with the BIA. (*Id.* at ¶ 25).

On May 28, 2010, the Second Circuit Court of Appeals dismissed Agoro's cases docketed at 09-5109 and 10-0360. (*Id.* at ¶ 26).

On July 6, 2010, Agoro filed a *habeas corpus* petition with the Second Circuit Court of Appeals and a Request for Stay. (*Id.* at ¶ 29).

On July 30, 2010, the BIA denied Agoro's Motion to Reopen. (*Id.* at ¶ 30). Agoro filed another Motion to Reopen on August 19, 2010. (*Id.* at ¶ 31).

On December 13, 2010, Agoro's appeal to the Second Circuit Court of Appeals (Case No. 10-0365) was denied. (*Id.* at ¶ 32).

On January 4, 2011, Agoro filed a *habeas corpus* petition in the Southern District of New York. (*Id.* at ¶ 34).

On January 13, 2011, Agoro filed another petition for review and a stay of removal with the Second Circuit Court of Appeals. (*Id.* at ¶ 35).

On February 28, 2011, the Southern District of New York dismissed Agoro's *habeas* petition. (*Id.* at ¶ 36).

On March 21, 2011, Agoro filed an appeal with the Second Circuit Court of Appeals. A Mandate was issued on October 12, 2011, dismissing the appeal for lack of arguable basis in law or fact. (Exhibit 2 – Copy of Mandate issued from Second Circuit Court of Appeals.)

On May 2, 2011, Agoro filed a petition for Review and a Stay of Removal with the Second Circuit Court of Appeals, docketed at case no. 11-1771. (*Id.* at ¶ 39). That petition remains pending. (Exhibit 3 – Docket Sheet, case no. 11-1771).S

Agoro currently has pending a *habeas* petition in the Western District of New York. (Case No. 1:10-cv-01055-WMS-HKS).

On July 18, 2011, the BIA denied Agoro's last filed Motion to Reconsider. (*Id.* at ¶ 41).

On October 14, 2011, a decision was made to continue Agoro in detention pending his removal to Nigeria. (*Id.* at ¶ 42).

The Government of Nigeria has not declined to issue a travel document in Agoro's case.  The Government of Nigeria has issued travel documents in the past, and there is no reason to believe that the Government of Nigeria will not issue a travel document in this matter. According to Assistant Field Office Director Gerald Smith, based upon his experience and expertise, ICE will be able to secure a travel document for Agoro from the Government of Nigeria in the reasonably foreseeable future.  (*Id.* at ¶ 43).

## **ANALYSIS AND ARGUMENT OF THE RESPONDENTS' POSITION**

### **Agoro Is Expected To Be Repatriated In The Reasonably Foreseeable Future**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has 90 days to remove an alien from the United States after the alien's order of removal, during which time detention is mandatory.

Section 1231(a)(1)(B) provides:

The removal period begins on the latest of the following:

> (i)  The date the order of removal becomes administratively final;

> (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or
>
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231(a)(1)(B).

At the conclusion of the 90-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) &(6).  In *Zadvydas*, the United States Supreme Court addressed the issue of whether § 1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90-day removal period or only for a period reasonably necessary to effectuate the alien's deportation.

Reasoning that the indefinite detention of aliens "would raise serious Constitutional questions," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id*. at 689. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute.

The Court recognized six months as a "presumptively reasonable period of detention" to allow the government to accomplish an alien's removal after the removal period has commenced.  *Id*. at 701. It should be noted that the *Zadvydas*

Court did not require that every alien who has been in detention for more than six months be released. To the contrary, the Court held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. <u>This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

*Id.* (Emphaisis added).[1]

Following the Supreme Court's decision in *Zadvydas,* regulations have been promulgated to meet the criteria established by the Supreme court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the 90-day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director

---

[1] Moreover, an alien may extend the removal period where he fails to assist with repatriation efforts. Title 8 U.S.C. §1231(a)(1)(C) states:
> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make a timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

*See also* 8 C.F.R. § 241.4(g)(5)(i).

may retain responsibility for custody determinations for up to three months or refer the alien to the Headquarters Post-order Detention Unit (HQPDU) for further custody review. 8 C.F.R. § 241.4(k)(1)(ii).

In the present case, Asst. Director Smith opines that a travel document will be issued in Agoro's case, based upon the fact that the Nigerian government has issued travel documents in the past and there is no reason to believe that a travel document for Agoro will not be issued presently.

Additionally, Agoro has not made a good faith showing that there is no likelihood of repatriation in the reasonably foreseeable future or that no travel document will issued.  *See Fahim v. Ashcroft*, 227 F.Supp.2d 1359, 1366 (N.D.Ga 2002).

### A.     Agoro's Pending Litigation Prevents His Removal

Currently, Agoro has a pending case before the Second Circuit Court of Appeals, docketed at case number 11-1771. (Exh. 3). Agoro's *habeas* petition filed in the Western District of New York is also currently pending. (*Id.*at ¶ 40).

Respondent submits that *Zavydas* is not applicable where removal is stayed because of pending litigations and there is no evidence that Nigeria fails to accept its nationals. (See e.g. *Guang v. INS*, 2005 WL 465436 (EDNY 2005)) ("No basis under *Zavydas* and its progeny for releasing" an alien who was detained for five years pending adjudication of his asylum claim, motions to reconsider and reopen,

and petitions for judicial review.[2]) In *Akinwale v. Ashcroft*, 287 F.3d 1050 (11th Cir. 2002), the Court noted that Akinwale had "interrupted the running of time under Zadvydas by moving... for a stay of deportation..." The Court also noted "[t]hus, Akinwale, unlike the aliens in Zadvydas, chose to simultaneously challenge issues related to his removal order and his post-removal detention" and, citing 8 U.S.C. §1231(a)(1)(C), stated that Akinwale did not have "unencumbered" detention time as required by Zadvydas. 287 F.3d at 1052, n.4.

As Assistant Field Office Director Gerald Smith opined, Agoro will be removed in the reasonable foreseeable future, however, ICE is prevented from removing him so long as there is pending litigation at the Second Circuit.

Although Agoro may contend that he is being disadvantaged for the exercise of his right to access the courts, as the Supreme Court (in discussing mandatory detention of criminal aliens) noted in *Demore v. Kim,* 538 U.S. 510, 530 n.14,

---

[2] "In *Zadvydas,* the petitioners were held indefinitely due to the inability of the U.S. government to return them to their home countries. 533 U.S. 684-86. The case at bar, however, is quite different: petitioner's own actions-not the government's inability to deport him-have resulted in his continued detention during the past five years, during which time he has filed motions and/or appeals with the administrative courts, Second Circuit, and district court, with corresponding requests for stays of removal.[FN4] Under the circumstances, petitioner has failed to satisfy *Zadvydas'* s requirement that he "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. There has been no showing that the government is unable to remove petitioner within a reasonable period of time after the pending proceedings are completed. *See Guner v. Reno,* 2001 WL 940576, at * 2 (S.D.N.Y. Aug.20, 2001) ("Here, petitioner has challenged the INS's decision to deport him and to deny him relief under § 212(c). It is these efforts that have prevented INS from removing him, and there has been no showing that the Government will be unable to remove petitioner within a reasonable period of time after the completion of these proceedings."); *Sanusi v. INS,* 2003 WL 21696945, at *3 (E.D.N.Y. July 15, 2003) ("Where an alien's removal is delayed through his own actions, an otherwise unreasonable delay does not violate procedural due process."). Nor is there any indication in the record that it would be difficult for the Government to return the petitioner to his native China."

"'the legal system... is replete with situations requiring the making of difficult judgments as to which course to follow,' and, even in the criminal context, there is no constitutional prohibition against requiring parties to make such choices...." (Citation omitted). Thus, the fact that Agoro's litigation delays his repatriation is not legally significant for detention review purposes.

## CONCLUSION

Wherefore, for the above-stated premises and authorities, Respondent submits that Agoro's *habeas corpus* petition is due to be denied.

Respectfully submitted this the 22nd day of December, 2011.

> JOYCE WHITE VANCE
> United States Attorney
> s/Carolyn W. Steverson
> Assistant United States Attorney
> Attorney No: ASB-3491
> United States Attorney's Office
> 1801 4th Avenue North
> Birmingham, AL   35203
> Telephone:  (205) 244-2217
> Fax: (205) 244-2181
> carolyn.steverson@usdoj.gov

## Certificate of Service

I hereby certify that on December 22, 2011 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and placed a copy, postage prepaid, in the United States mail to:

        Babatunde Agoro
        A# 024 624 753
        Etowah County Jail
        827 Forrest Avenue
        Gadsden, AL 35901

                <u>s/Carolyn W. Steverson</u>
                Assistant United States Attorney


                Exhibits

Exhibit 1 – Declaration of Gerald Smith, Assistant Field Office Deirecotr, Department of Homeland Security

Exhibit 2 – Mandate, United States Court of Appeals, Second Circuit, Case No. 11-1235

Exhibit 3 – Docket Sheet, United States Court of Appeals, Second Circuit, Case No. 11-1771