UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

MIDDLE DIVISION

| | |
|---|---|
| BABATUNDE KAREEM AGORO ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v.  ) | 4:11-cv-3951-RDP-TMP |
| ) | |
| ERIC HOLDER, Attorney General, et al., ) | |
| ) | |
| Respondents ) | |

**DECLARATION**

I, Gerald Smith, declare under penalty of perjury the following:

1. I am the Assistant Field Office Director of the U.S. Immigration and Customs Enforcement (ICE) facility at Gadsden, Alabama. As such, I have supervisory authority over all ICE activities in Gadsden. I make this declaration based upon review of the alien registration file relating to Babatunde Kareem Agoro (A024 624 753).

2. Petitioner is a citizen of Nigeria, who was admitted to the United States at JFK International Airport, New York, New York on or about January 5, 1980.

3. On December 1, 1983, the Petitioner adjusted his status to that of a Lawful Permanent Resident.

4. On May 1, 1991, Petitioner was arrested by the District of Rhode Island. In April 1, 1992, he was convicted and sentenced to eight months in jail. He failed to appear for the sentencing and was subsequently sentenced to ten months of incarceration.

5. Petitioner was release from custody sometime before October 23, 1995.

6. On April 1, 1996, Petitioner was convicted for violating the terms of his supervised release and was sentenced to twelve months of incarceration. He was released on December 31, 1996.

7. On October 28, 1996, Petitioner was served with an Order to Show Cause, charging him with deportability as a alien who has been convicted of two CIMT's, pursuant to INA former section 241(a)(2)(A)(ii).

8. The Respondent was later served with an I-261 charging him with deportability as an aggravated felon, pursuant to INA former section 241(a)(2)(A)(iii), as the term in defined in section 101(a)(43)(T).

9. The Petitioner was ordered removed on September 19, 1997.

10. The Petitioner filed several appeals with the BIA. On February 2, 2005, the BIA remanded the case to the Immigration Judge.

11. On September 17, 2005, the Immigration Judge denied the Petitioner's 212(c) waiver application for relief and ordered him removed to Nigeria.

12. On September 27, 2007, the BIA dismissed the Petitioner's appeal.

13. On January 15, 2009, Petitioner filed a Motion to Reopen. On March 17, 2009, the BIA deemed the motion untimely and denied it.

14. On January 16, 2009, Petitioner was encountered by ICE at the Riker's Island Correctional Facility in New York, NY. The Petitioner was taken into ICE custody at that time based on an outstanding warrant of removal.

15. In March 2009, ICE received a travel document from the Consulate of Nigeria on Petitioner's behalf; however, ICE did not remove the Petitioner due to pending cases before the BIA. The document expired 60 days after issuance.

16. On April 16, 2009, Petitioner filed a Motion to Reconsider. On May 12, 2009, the BIA denied the Motion.

17. On June 8, 2009, Petitioner filed a petition for review of the BIA's May 12, 2009 decision with the Second Circuit. He also filed a Motion to Stay his deportation.

18. On July 23, 2009, the Second Circuit stayed Petitioner's deportation pending his Petition for Review.

19. On September 3, 2009, the Second Circuit dismissed Petitioner's petition for review for lack of jurisdiction and lifted the stay.

20. On October 5, 2009, Petitioner moved the Second Circuit to reconsider its September 3, 2009 decision. On November 16, 2009, the Court denied Petitioner's motion.

21. On November 16, 2009, ICE renewed its request to the Nigerian Consulate for a travel document.

22. On December 18, 2009, the BIA denied the Petitioner's Motion to Reconsider.

23. In January 2010, Petitioner filed a Petition for Review with the Second Circuit.

24. On January 12, 2010, ICE Headquarters Custody Management Unit served Petitioner a Notice to Continue Detention Letter.

25. On January 19, 2010, Petitioner filed another Motion to Reopen with the BIA.

26. On May 28, 2010, the Second Circuit dismissed Petitioner's cases (#09-5106 and #10-0360).

27. On June 10, 2010, the BIA denied another appeal filed by the Petitioner.

28. On June 11, 2010, ICE served the Petitioner with the Form I-229(a), Warning for Failure to Depart. The Petitioner was also advised to provide ICE with any documentation that could expedite the issuance of a travel document on his behalf.

29. On July 6, 2010, Petitioner filed a Habeas Corpus Petition with the Second Circuit and a Request for a Stay. (#10-0365 and #10-3419).

30. On July 30, 2010, the BIA denied Petitioner's Motion to Reopen.

31. On August 19, 2010, Petitioner filed another Motion to Reopen with the BIA.

32. On December 13, 2010, the Second Circuit denied Petitioner's appeal (#10-0365).

33. On December 15, 20210, the BIA dismissed the Petitioner's Motion.

34. On January 4, 2011, Petitioner filed a Habeas Corpus Petition with the Southern District of New York (#11-181).

35. On January 13, 2011, Petitioner filed another Petition for Review and a Stay with the Second Circuit (#11-140).

36. On February 28, 2011, the Southern District of New York dismissed Petitioner's case (#11-181).

37. On March 21, 2011, Petitioner filed an appeal with the Second Circuit. The case is still pending (#11-1235).

38. On April 26, 2011, the Second Circuit denied the Petitioner's Petition for Review and Stay of Removal (#11-140).

39. On May 2, 2011 Petitioner filed a Petition for Review and a Stay with the Second Circuit (#11-1771).

40. Petitioner also has a habeas case with the Western District of New York that is currently pending. (#10-1055)

41. On July 18, 2011, the BIA denied the Petitioner's latest Motion to Reconsider.

42. On October 14, 2011, a 180 day decision form HQCMU was received and served on Petitioner; detention was continued on the likelihood a travel document would be issued when the pending cases have been decided.

43. The Government of Nigeria has not declined to issue a travel document in the Petitioner's case. The Government of Nigeria has issued travel documents in the past, and there is no reason to believe that they will not issue a travel document in this matter. Based upon this officer's experience and expertise, I believe that ICE will secure a travel document for the Petitioner from the Government of Nigeria in the reasonably foreseeable future.

I hereby declare under penalty of perjury that the above statements are true and correct to the best of my knowledge and belief.

_December 20, 2011_
Date

Gerald Smith
Assistant Field Office Director
Department of Homeland Security
U.S. ICE
Homewood, Alabama