FILED
2012 JAN -5 A 11: 16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**BABATUNDE KAREEM AGORO**

Petitioner,

VS.                                    Case No.4: 11-cv-3951-RDP-TMP

**ATTORNEY GENERAL**

Respondent.

**HONORABLE JUDGE MICHAEL T. PUTNAM**

**AFFIDAVIT IN SUPPORT OF HABEAS CORPUS PETITION**

File No. A024 624 753

I Babatunde Kareem Agoro petitioner (Pro Se) hereby subject to the penalty of perjury deposes and says:

1. I Babatunde Kareem Agoro petitioner and as such, I am fully familiar with the facts and circumstances involved in the instant case.

2. I am hereby submitting this affidavit in further support of petition for Habeas Corpus petition proceedings and for such other and different relief as this court may deem just, equitable and proper.

3. The petitioner is a native and citizen of Nigeria who entered the United States in 1980. On or about December 1, 1983, the petitioner subsequently became a lawful permanent resident of the United States.

1

4. On or about April 1, 1992, the petitioner was convicted by plea in the United States District of Rhode Island for the offense of credit card fraud.

On or about August 4, 1993, the petitioner was convicted by plea in the United States District Court, Judicial District of Rhode Island for the offense of failure to appear for sentencing.

5. Given the above, on or about October 28, 1996, the (INS) Immigration and Naturalization Service issued an order to show cause charging the petitioner with deportability pursuant to section 241(a)(2)(A)(ii) and amended by an 1-261 included the charge of violating section 241(a)(2)(A)(iii) due to conviction of an aggravated felony as defined by section 101(a)(43)(T). Failure to appear.

6. The Government charges the petitioner for two crimes of moral turpitude and subsequently charge the failure to appear as aggravated felony.

7. The credit card fraud and the failure to appear are not separate and distinct and thus, not fall under 241 (a)(2)(a)(ii).

8. The Immigration judge's erroneous application of the law and ineffective assistance of counsel forms the basis of the petitioner's deportability.

9. At the present juncture, the petitioner respectfully request that the respondent motion should be dismissed in that the respondent has not sent its opposition to the petitioner.

10. The petitioner should not be prejudiced because the DHS/ICE has failed to mail its response to the petitioner at Etowah County Detention Facility where the petitioner was detained.

11. The petitioner respectfully request for a hearing to present his case before the Court.

12. The petitioner seeks to remain at liberty to cure this unlawful detention by the respondents.

13. On January 16th 2009, Petitioner was encountered by INS/ICE/DHS, and is in the physical custody of respondents INS/ICE/DHS since petitioner has been detained in various Immigration Detentions, which house Immigration detainees.

14. On November 15th 2011, the petitioner filed a habeas corpus petition requesting the DHS/ICE for release on the unlawful and indefinite detention by the respondents.

15. On December 2nd 2011 the Honorable Judge Michael T. Putnam orders the respondent DHS/ICE to show cause in writing within Twenty (20) Days from the date of the order why the relief requested by the petitioner should not be granted.

16. On December 2nd 2011 The Judge directed the clerk of the Court to serve a copy of the order upon the petitioner and to serve a copy of the order together with a copy of the petition, upon the respondents and the U.S. Attorney for the Northern District of Alabama.

17. Petitioner has exhausted any and all administrative remedies to the extent required by law and his only remedy is by way of this judicial action after the Supreme Court's in Zadvydas.

18. On December 22 2011, the petitioner called the clerk of the Court, and was informed that the Government has filed an answer/opposition in this case and on the way to the petitioner.

19. On December 27 2011 the petitioner called the Court to inform the Court that he did not receive the Government opposition and asked the clerk for the copy, the Court rejected the petitioner's request.

20. On December 29 2011, petitioner called the Court to inform the Court that he did not receive the Government opposition, and the Court informed petitioner that it was mailed by the Government to the petitioner, and the Court further informed petitioner that, there was an order signed by the Judge, that was on the way to the petitioner.

21. On December 30 2011 petitioner called the Court again to inform the Court that the Government opposition has not been received, and was advised to send letter to the United States Attorney's office, which he did.

22. On the evening of December 30 2011 petitioner received the order from the Court regarding **["SUMMARY DISPOSITION"]**, from the Government requesting to the extent that the Government seeks summary disposition on the grounds of exhaustion of remedies, procedural default, successiveness, abuse of writ, or other such procedural grounds and was asked to rebut those asserted defenses.

23. Here, petitioner has not received the opposition from the Government/Respondent, consequently, there was ["NOTHING TO REBUT"], ["THUS"] the Government/Respondent opposition should be dismissed, because of the fact that the Government has failed to send an opposition to the petitioner is a ground for dismissal, as such the respondent motion to dismiss should be denied.

24. The respondent either ignored or even failed to acknowledge, and properly consider the ["36"] Months of petitioner's unlawful detention.

25. The Court informed Agoro that the respondent has filed an opposition on December 22 2011 and the respondent mailed it to the petitioner, and Agoro asked the Court to send him the copy, and the Court advised Agoro that the Court does not mail copy of Government opposition, and also advised Agoro of the Judges order of summary disposition on the way, in which Agoro received On December 30 2011.

26. The petitioner respectfully requests the Court to serve Etowah County Detention Facility to present prove of receipt signed by the petitioner in the instant case, if it is true or false of whether the petitioner has received the Government opposition.

4

27. Although, there is no exhaustion of administrative remedy requirements in Habeas Corpus petition pursuant to 28 U.S.C. 2241, and Agoro prays that the ["COURT"] should not allowed the respondents to detain Agoro indefinitely because Agoro has exhausted his and all administrative remedies through ["HQPDU"] and the only remedy remain is by the; **["JUDICIAL INTERVENTION"]** by this Court.

28. I Babatunde Kareem Agoro Swear, Affirms under penalty of perjury that the above stated fact are true and correct under the laws of the United States, that the statements I have made are true and correct to the best of my ability and knowledge.

**WHEREFORE**: It is respectfully requested that the Court grant relief sought herein and that the request be granted, for all the foregoing reasons, in all respects and for such further relief as the Court may deem just and proper. Mr. Agoro claim has merit, raises issues of law, and due process, as such the respondent motion to dismiss should be denied, and petitioner's Habeas Corpus Petition should be granted.

Respectfully Submitted

*[signature]*

Babatunde Kareem Agoro [Pro se]
Etowah County Detention Facility
827 Forrest Avenue
Gadsden, Alabama 35901

*[notary signature]*

MY COMMISSION EXPIRES APRIL 27, 2014

## AFFIDAVIT OF SERVICE

I Babatunde Kareem Agoro, certify, states, affirms, that the following, to be true under the penalty of perjury, that On the 4th day of January 2012, I have caused this affidavit to be served on the UNITED STATES ATTORNEY'S OFFICE by depositing them in first class mail, postage prepaid/priority mail addressed as follows.

UNITED STATES ATTORNEY'S OFFICE
Northern District of Alabama
1801 Fourth Avenue North
Birmingham AL. 35203

On this   4th Day of January 2012.

Date Signature: *[signature]*

## SWORN TO BEFORE ME ON THE
## 4th DAY OF JANUARY 2012

*[signature]*
### NOTARY PUBLIC SEAL

MY COMMISSION EXPIRES APRIL 27, 2014

6