# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**BABATUNDE KAREEM AGORO**

Petitioner,

VS.            Case No. 4: 11-CV-3951-RDP-TMP
               ["EMERGENCY REQUEST DEMANDED"]

**ATTORNEY GENERAL**

Respondents.

---

**NOTICE OF MOTION FOR DEFAULT JUDGMENT ON PETITIONER'S HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. 2241**

---

### REQUEST FOR DEFAULT JUDGMENT

**PLEASE TAKE NOTICE,** That upon the annexed Affidavit/Affirmation

Of Babatunde Kareem Agoro [Prose] and upon the attached exhibits

And prior proceedings and herein, the petitioner will move this Court

On January 16th 2012 at 10:30 AM, for an order granting the Habeas

Corpus Petition Pursuant to 28 U.S.C. 2241 declaring the

Respondents a default judgment or in the alternatives, for a hearing

To more fully develop the factual basis for this motion. Petitioner

Has A first hand knowledge of this facts concerning this matter and

Has Read the foregoing order regarding summary disposition dated

28th Of December 2011, and bases his claims upon this order and

1

Court Records/advisement, information and belief. Petitioner Preserves the right to a hearing by telephonic or teleconference Hearing on the Instant matter as well as a written decision Supported by facts and Law. [" In the event the respondents fails to Timely answer this Demand for judgment point by point, within 7 Days from the date of Service"]. Petitioner respectfully demands a Judgment in favor of the petitioner, Mr. Agoro by default.

Dated January 9th 2012.

                                       Very truly yours

                                       */signature/*

                                       Babatunde Kareem Agoro
                                       Etowah County Detention Facility
                                       827 Forrest Avenue
                                       Gadsden, AL. 35901

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**BABATUNDE KAREEM AGORO**

**Petitioner,**

**VS.**                                      **Case No. 4: 11-cv-3951-RDP-TMP**

**ATTORNEY GENERAL**

**Respondents.**

## HONORABLE JUDGE MICHAEL T. PUTNAM

### AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT

File No. A024 624 753

I Babatunde Kareem Agoro petitioner (Pro Se) being duly sworn depose and say the foregoing to be true under the penalty of perjury.

1. I am the petitioner in the above captioned matter; I am fully familiar with the facts and circumstances involved in the instant case.

2. I am hereby submitting this affidavit/affirmation in further support of petition for Habeas Corpus petition and request for default judgment proceedings and for such other and different relief as this court may deem just, equitable and proper.

3. I respectfully submit this affidavit/affirmation in support of petitioner's motion for default judgment on petitioner's unlawful and indefinite detention of

3

["36"] Months if it is justified.

4. This affidavit/affirmation is made upon the order regarding summary disposition dated December 28th 2011, and the Court information, the sources and grounds of the respondents default and its refusal to serve its opposition on the petitioner by the order dated December 2nd 2011, and service date of December 22nd 2011.

5. The petitioner is a native and citizen of Nigeria who entered the United States in 1980. On or about December 1, 1983, the petitioner subsequently became a lawful permanent resident of the United States.

6. On or about April 1, 1992, the petitioner was convicted by plea in the United States District of Rhode Island for the offense of credit card fraud.

On or about August 4, 1993, the petitioner was convicted by plea in the United States District Court, Judicial District of Rhode Island for the offense of failure to appear for sentencing.

7. Given the above, on or about October 28, 1996, the (INS) Immigration and Naturalization Service issued an order to show cause charging the petitioner with deportability pursuant to section 241(a)(2)(A)(ii) and amended by an 1-261 included the charge of violating section 241(a)(2)(A)(iii) due to conviction of an aggravated felony as defined by section 101(a)(43)(T). Failure to appear.

8. The Government charges the petitioner for two crimes of moral turpitude and subsequently charge the failure to appear as aggravated felony.

9. The credit card fraud and the failure to appear are not separate and distinct and thus, not fall under 241 (a)(2)(a)(ii).

10. The Immigration judge's erroneous application of the law and ineffective assistance of counsel forms the basis of the petitioner's deportability.

11. At the present juncture, the petitioner respectfully request that the respondent motion should be dismissed in that the respondent has not sent its opposition to the petitioner.

12. The petitioner should not be prejudiced because the DHS/ICE has failed to mail its response to the petitioner at Etowah County Detention Facility where the petitioner was detained.

13. The petitioner respectfully request for a hearing to present his case before the Court.

14. The petitioner seeks to remain at liberty to cure this unlawful detention by the respondents.

15. On January 16th 2009, Petitioner was encountered by INS/ICE/DHS, and is in the physical custody of respondents INS/ICE/DHS since petitioner has been detained in various Immigration Detentions, which house Immigration detainees.

16. On November 15th 2011, the petitioner filed a habeas corpus petition requesting the DHS/ICE for release on the unlawful and indefinite detention by the respondents.

17. On December 2nd 2011 the Honorable Judge Michael T. Putnam orders the respondent DHS/ICE to show cause in writing within Twenty (20) Days from the date of the order why the relief requested by the petitioner should not be granted.

18. On December 2nd 2011 The Judge directed the clerk of the Court to serve a copy of the order upon the petitioner and to serve a copy of the order together with a copy of the petition, upon the respondents and the U.S. Attorney for the Northern District of Alabama.

19. Petitioner has exhausted any and all administrative remedies to the extent required by law and his only remedy is by way of this judicial action after the Supreme Court's in Zadvydas.

20. On December 22 2011, the petitioner called the clerk of the Court, and was informed that the Government has filed an answer/opposition in this case and on the way to the petitioner.

21. On December 27 2011 the petitioner called the Court to inform the Court that he did not receive the Government opposition and asked the clerk for the copy, the Court rejected the petitioner's request.

22. On December 29th 2011, petitioner called the Court to inform the Court that he did not receive the Government opposition, and the Court informed petitioner that it was mailed by the Government to the petitioner, and the Court further informed petitioner that, there was an order signed by the Judge, that was on the way to the petitioner.

23. On December 30th 2011 petitioner called the Court again to inform the Court that the Government opposition has not been received, and was advised to send letter to the United States Attorney's office, which he did.

24. On the evening of December 30 2011 petitioner received the order from the Court regarding **["SUMMARY DISPOSITION"]**, from the Government requesting to the extent that the Government seeks summary disposition on the grounds of exhaustion of remedies, procedural default, successiveness, abuse of writ, or other such procedural grounds and was asked to rebut those asserted defenses.

25. Here, petitioner has not received the opposition from the Government/Respondent, consequently, there was ["NOTHING TO REBUT"], ["THUS"] the Government/Respondent opposition should be dismissed, because of the fact that the Government has failed to send an opposition to the petitioner is a ground for dismissal, as such the respondent motion to dismiss should be denied.

26. The respondent either ignored or even failed to acknowledge, and properly consider the ["36"] Months of petitioner's unlawful detention.

6

27. The Court informed Agoro that the respondent has filed an opposition on December 22 2011 and the respondent mailed it to the petitioner, and Agoro asked the Court to send him the copy, and the Court advised Agoro that the Court does not mail copy of Government opposition, and also advised Agoro of the Judges order of summary disposition on the way, in which Agoro received On December 30 2011.

28. The petitioner respectfully requests the Court to serve Etowah County Detention Facility to present prove of receipt signed by the petitioner in the instant case, if it is true or false of whether the petitioner has received the Government opposition.

29. Although, there is no exhaustion of administrative remedy requirements in Habeas Corpus petition pursuant to 28 U.S.C. 2241, and Agoro prays that the ["COURT"] should not allowed the respondents to detain Agoro indefinitely because Agoro has exhausted his and all administrative remedies through ["HQPDU"] and the only remedy remain is by the; **["JUDICIAL INTERVENTION"]** by this Court.

30. I Babatunde Kareem Agoro Swear, Affirms under penalty of perjury that the above stated fact are true and correct under the laws of the United States, that the statements I have made are true and correct to the best of my ability and knowledge.

**SWORN TO BEFORE ME THIS**
**9th DAY OF JANUARY, 2010**
*M Ladale Lankford*
**NOTARY PUBLIC SEAL**

MY COMMISSION EXPIRES APRIL 27, 2014

# MEMORANDUM OF LAW IN SUPPORT OF THE DEFAULT JUDGMENT OF AGORO UNLAWFUL DETENTION.
## ARGUMENT

The Memorandum is submitted in support of petitioner's petition to declare the respondents in default, because the Court ordered the respondents to appear and show cause in writing within Twenty (20) Days from the date of the order why the relief requested by the petitioner should not be granted, and the Court further directed the clerk to serve a copy of the order upon the petitioner and to serve a copy of the order, together with a copy of the petition, upon the respondents and the U.S. Attorney for the Northern District of Alabama, Dated the 2nd Day of December 2011, Thus the petitioner submits that, at the very least. He is entitled to a hearing on the allegations contained herein.

## NO SPECIAL CIRCUMSTANCES THAT SUPPORT CONTINUED DETENTION.

No special circumstances exist that would support the continued Mandatory Detention of Mr. Agoro, He is not a terrorist nor is he specially dangerous See Memo of Attorney General John Ashcroft, 66 Fed. Reg. 38433 (2001)["The Supreme Court"] Indicated that there may be cases Involving "Special Circumstances". Such as Terrorist or other especially dangerous individuals, in which continued detention may be appropriate. Because Mr. Agoro has never been convicted of a crime of violence. Moreover, Mr. Agoro has extensive ties to the Community, and thus cannot be considered a flight risk. His wife is a U.S. Citizen, All his Five Children and Four Grand Children are all U.S. Citizen. Mr. Agoro has long-standing ties to family and the Community in the New York Metropolitan Area, Mr. Agoro is also the ["FOUNDING PASTOR"] And ["MINISTER IN-CHARGE"] Of The PRAYER HOUSE OF DELIVERANCE CHURCH BROOKLYN NEW YORK.

## CONTINUED DETENTION IS IN DIRECT VIOLATION OF THE STATUTORY AND REGULATORY GOVERNING SCHEME.

To my knowledge ["ICE/DHS"] did not conduct a 90-Day Custody Review, but has determined that Mr. Agoro is a flight risk based on his conviction, because ["ICE"] has failed to conduct a review. The Continued Detention of Mr. Agoro is in direct ["VIOLATION OF THE GOVERNING STATUTORY AND REGULATORY SCHEME"], and he must be released from detention. INA SECTION 241 [a], 8 U.S.C. SECTION 1231 [a] Defines: The removal period in plain and unmistakably Clear Language.

[1] Removal Period

[A] In General

Except as otherwise provided in this Section, when an alien is ordered removed, the Attorney General shall remove the alien from United States within a Period of 90-Day ["In this Section referred to as the "Removal Period.

[B] Beginning of Period

## THE REMOVAL PERIOD BEGINS ON THE LATEST OF THE FOLLOWING.

[1]. The date the order of removal becomes administratively final.

[2]. If the removal order is judicially reviewed and if a Court orders A Stays of the removal of the Alien, the date of the Court final order.

[3]. If the Alien is detained or confined [Except under Immigration process]. The date the Alien is released from Detention or Confinement.

INA Section 241 [a], 8 U.S.C. Sections 1231 [a].

INA Section 241 [a] [2], 8 U.S.C. 1231 [a] [2] provides that the Attorney General "Shall Detain The Alien" during this 90-Day-Removal-Period. The Statute also offers plain language that if Removal cannot be accomplished during the 90-Day-Removal-Period, the Alien shall be released Subject to an order of Supervision.

[3]. Supervision after 90-Day-Period.

If the Alien does not leave or is not removed within the removal-period. The Alien, pending removal, shall be subject to Supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien:

    [A]. To Appear before An Immigration Officer periodically for Identification.

    [B]. To Support, If necessary, to a Medical and Psychiatric examination at the expense of the United States Government.

    [C]. To give Information under oath about the Aliens Nationality, Circumstances, Habits, Association, And Activities, And other Information the Attorney General considers Appropriate, and

    [D]. To obey reasonable written restrictions on the Alien's conduct or activities that the Attorney General prescribes for the Alien.

Here, because ["ICE/DHS"] has failed to follow the laws and regulations Governing Detention, the further Detention of Mr. Agoro is invalid, as such ["ICE/DHS"] should release him Fortwith.

## CONTINUED DETENTION WITHOUT A PURPOSE IS IN VIOLATION OF THE CONSTITUTION OF UNITED STATES.

"No Person shall be …. Deprived of life, liberty, or property, without due process of law" U.S. Const. Amend, [V]. [Emphasis Added]. Mr. Agoro is a ["PERSON"]. The Supreme Court has long recognized that the Fifth and Fourteenth Amendments refer to all ["PERSONS"], and not Just ["CITIZENS"]. Thus Aliens-Even inadmissible or removable Aliens, must be afforded due process protection See: YICK WO v. HOPKINS 118 U.S. 356, 369 (1886). ["The Fourteenth Amendment to the Constitution is not confined to the Protections of Citizens"].

As stated by the Court, the provisions of the Fourteenth Amendment "Are Universal in their Application, To all Person within the Territorial Jurisdiction,

10

Thus Aliens-Even inadmissible or removable Aliens, must be afforded due process protection See: YICK WO v. HOPKINS 118 U.S. 356, 369 (1886). ["The Fourteenth Amendment to the Constitution is not confined to the Protections of Citizens"].

As stated by the Court, the provisions of the Fourteenth Amendment "Are Universal in their Application, To all Person within the Territorial Jurisdiction, without Regard To Any Difference of Raise, Color, Or Nationality. YICK WO, 118 U.S. 369. [Emphasis Added]. In MATHEW v. DIAZ, The Supreme Court held, with respect to Aliens in the United States on Immigration Parole Pursuant to 8 U.S.C. Section 1182 [d] [5], That "Even one whose presence in the Country is Unlawful, Involuntary, or Transitory is entitled to that Constitutional Protection of ["DUE PROCESS"] of the Fifth and Fourteenth Amendment. MATHEW v. DIAZ, 426 U.S. 67,75, n.7 (1976). See also PLYLER v. DOE, 457 U.S. 202 210 (1982) ("WHETHER HIS STATUS UNDER THE IMMIGRATION LAWS"). An alien is surely a ["PERSON"] in any ordinary sense of the Term. WONG WING v. UNITED STATES, 163 U.S. 228, 238 (1896). ("PERSON WITHIN THE TERRITORY OF THE UNITED STATES EVEN ALIENS") ["MAY NOT"] ….[" BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW"].

The due process clause of the Fifth Amendments forbids the Government from Indefinitely detaining inadmissible aliens-potentially for life-Without a tenable Justification. Government detention violates the Fundamental Substantive Due Process Rights guaranteed to non-citizens unless it is either ordered in a ["CRIMINAL WITH ADEQUATE PROCEDURAL PROTECTIONS"] or it falls into ["SPECIAL AND NARROW NON-PUNITIVE CIRCUMSTANCES WHERE A SPECIAL JUSTIFICATION"], such as ["HARM THREATENING, MENTAL ILLNESS, OUTWEIGHS THE INDIVIDUAL'S CONSTITUTIONALLY PROTECTED INTEREST IN AVOIDING PHYSICAL RESTRAINT"]. ZADVYDAS, 533 U.S. AT 690. ["CITATION OMITTED"]. In Zadvydas, The Court determined that the

restrictions and conditions of confinement amounting to punishment"]. SCHALL v. MARTIN, 467 U.S. 253, 269, (1984)(Pretrial Detention of a Juveniles). Even if the detention serves a purpose, it is still necessary to determine whether the terms and conditions of confinement. Are in fact compatible with those purposes"] Id. See ADDINGTON v. TEXAS, 441 U.S. 418, 425 (1979). ["CIVIL COMITTMENT FOR ANY PURPOSE CONSTITUTES A SIGNIFICANT DEPRIVATION OF LIBERTY THAT REQUIRES DUE PROCESS PROTECTION"] [EMPHASIS ADDED].

SALERMO standard has been repeatedly adopted in the Immigration context. See PATEL v. ZEMSKI, 275 F. 3d 299, 307-11 (3rd Cir. 2001) Adopting the SALERMO Heightened Due Process Scrutiny to Determine If a statute's ["AUTHORIZATION OF DETENTIONS"] .... Is narrowly tailored to serve a compelling State Interest". GILBERT v. INS 988 F. 2d 1437, 1442, As amended 997 F. 2d 1122 (5th Cir. 1993)(Determining that Whether Incarceration of Immigrants Constitutes Impermissible Punishment "Turns on "Whether An Alternative Purpose to Which ["THE DETENTION"] may rationally be connected is assignable for it, and Whether it Appears excessive in relation to the alternative purpose assigned". (CITING SCHALL AND QUOTING KENNEDY v. MENDOZA-MARTINEZ, 372 U.S. 144, 168-169 (1963). Here there is no legitimate or even rational purpose for continued detention in Agoro case.

The General Regulator goals of Post-Removal-Order-Detention are ensuring the appearance of aliens at future Immigration Proceedings and preventing Danger to the Community. Zadvydas, 533 U.S. AT 690. [Quoting Government's Brief See Also PATEL, 275 F. 3d AT 312. ["The Goals of Post Removal Order Are"] To prevent aliens from absconding or endangering the Community. Because there is no indication that Mr. Agoro is in any way a danger to the Community and he is not a flight risk, there cannot be a purpose of continued detention, as such, the Constitution requires his immediate release. Moreover, The Court in NGO recognized the need for ["RIGOROUS

INDIVIDUALIZED REVIEW"] over prolonged Immigration Detention" 192 F. 3d AT 392. In particular, the Court emphasizes that due process is not satisfied …. By rubber stamp denials based on temporally distant offenses Id. AT 399. Rather, due process requires an opportunity for an evaluation of the individual's current threat to the community and his risk of flight. Id. See also preventing danger to the community at one point by committing crime does not place them forever beyond redemption".

In recognizing of these concerns, both the Ninth Circuit and several other Circuits have Section1226 to require A BOND HEARING WHERE THE GOVERNMENT BEARS THE BURDEN OF DEMONSTRATING THAT PROLONGED DETENTION IS JUSTIFIED. See CASAS CASTRILLON, 533 F. 3d AT 950 Construing Section 1226 (a) As requiring such a hearing. TIJANI, 430 F. 3d AT 1242 ["Finding that Mandatory Detention Does Not Apply When Proceeding Are Not ["EXPEDITIOUS"] And ordering the petitioners release unless the Government Established at a hearing before an Immigration Judge that the petitioner's detention was Justified. WILKIS, 2008 WL 4820654 AT 2 ["SAME"]. Notably, The regulations promulgated to implement Section 1226[a] specifically provide Immigration Judge review of ["ICE'S"] Custody Determinations See: 8 C.F.R. Section 236.1 [c][10]. And allow for Immigration Judge re-determination custody hearing. 8 C.F.R. 1003.19 [e], prolonged detention beyond period of time reasonably necessary to conclude removal proceedings constitute a material change sufficient to Justify a new bond hearing. Cf. Jackson, 406 U.S. AT 738, Thus the regulation should be construed to provide for constitutionally adequate custody hearing for the petitioner where the Government bears the burden of showing that prolonged detention is Justified. Indeed, In the absent of such a finding, the regulations would violate the statute.

**WHEREFORE**: It is respectfully requested that the Court grant relief sought herein and that the request be granted, for all the foregoing reasons, in all respects and for such further relief as the Court may deem just and proper. Mr. Agoro claim has merit, raises issues of law, and due process, as such the respondent motion to dismiss should be denied, and petitioner's Habeas Corpus Petition should be granted.

Respectfully Submitted

_(signature)_
Babatunde Kareem Agoro [Pro se]
Etowah County Detention Facility
827 Forrest Avenue
Gadsden, Alabama 35901

**SWORN TO BEFORE ME ON THE
9th Day OF JANUARY 2012**
_(signature)_
**NOTARY PUBLIC SEAL**

MY COMMISSION EXPIRES APRIL 27, 2014

14

## AFFIDAVIT OF SERVICE

I Babatunde Kareem Agoro, certify, states, affirms, that the following, to be true under the penalty of perjury, that On the 9th day of January 2012, I have caused this affidavit to be served on the UNITED STATES ATTORNEY'S OFFICE by depositing them in first class mail, postage prepaid/priority mail addressed as follows.

UNITED STATES ATTORNEY'S OFFICE
Northern District of Alabama
1801 Fourth Avenue North
Birmingham AL. 35203

On this 9th $^{Day}$ of January 2012.

Date Signature: _[signature]_

## SWORN TO BEFORE ME ON THE 9th DAY OF JANUARY 2012

_[signature]_

## NOTARY PUBLIC SEAL

MY COMMISSION EXPIRES APRIL 27, 2014

15