# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

BABATUNDE KAREEM AGORO

    Petitioner,

vs.   Case No: 4:11-CV-3951-RDP-TMP

ATTORNEY GENERAL

    Respondent

### HONORABLE JUDGE MICHAEL T. PUTNAM

### SUPPLEMENTAL EVIDENCE IN SUPPORT OF PETITIONER'S PETITION FOR HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. 2241.

Petitioner Babatunde Kareem Agoro [Prose] hereby attached herewith the accompanied exhibits to inform the Court that the Nigeria Embassy has not, and will not issue the travel document on behalf of the petitioner on ["DIPLOMATIC REASONS"], furthermore, See the Judges order on the summary disposition; Mr. Agoro alleges that After a period of mandatory detention expires, "once the alien provides ["GOOD REASONS"] to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701 ["RELATED TO POST REMOVAL DETENTIONS"].

A habeas petitioner generally must exhaust administrative remedies before seeking federal court, intervention. See Gomez v. Comm'r of I.N.S., No. 01 Civ. 4192 [HB], 2001 U.S. Dist. LEXIS 7450, 2001 WL 637382, at *2 (S.D.N.Y., June 7 2001); See also Howell v. I.N.S., 72 F. 3d 288, 291 (2nd Cir. 1995); Mejia-Ruiz v. INS., 51 F. 3d 358, 364 (2nd Cir. 1995). However, exhaustion is not required

Where it ["WOULD BE FUTILE"] "where the agency has predetermined the issue" before it. Garcia. 615 F. Supp. 2d at 180 [Citing Hy v. Gillen, 588 F. Supp. 2d 122, 125-126 (D. Mass. 2008). Thus a number of Courts have reviewed the Constitutionality of an alien's detention while administrative proceedings were Ongoing. See Casas-Castrillon v. Dep't of Homeland Sec, 535 F. 3d 942, 950 (9th Cir. 2008).

In this Petition, Mr. Agoro challenges the constitutionality of the mandatory and indefinite detention statute as applied to him, rather, than the propriety of his removal under the INA. Since the DHS/ICE declined to revisit his mandatory detention status, additional appeals to DHS/ICE would be futile. See Garcia 615 F. Supp. 2d at 180; See also Sulayao v. Shanahan, 09 Civ. 7347 (PKC); 2009 U.S. Dist LEXIS 86497, 2009 WL 3003188, at *3 (S.D.N.Y. Sept 15, 2009) ("If …. Congress has not explicitly required exhaustion, Judicial exhaustion doctrine provides that Courts may, in their discretion, waive administrative exhaustion under certain circumstances. Futility is one of those circumstances, ["Internal Citations And Quotations Marks Omitted"]. Therefore, this Court has Jurisdiction to review whether Mr. Agoro would Settle for a release subject to Supervision Or Bond, alternatively Electronic Monitoring System.

To obtain Habeas relief pursuant to 28 U.S.C. Section 2241, a petitioner must Demonstrate that he is being detained "In violation of the Constitution of laws or Treaties of the United States. "28 U.S.C. Section 2241 (C)(3). In context of a Deportation proceeding, a petitioner's right to Habeas relief depends, in part, on The stage of the deportation process at the time he files a Habeas petition See Casas-Castrillon, 535 F. 3d at 950.

2

DHS/ICE is presently detaining Agoro subject to indefinite detention, See Casas-Castrillon, 535 F. 3d {704 F. Supp. 2d 458} at 948. Section 1226(a) detainies must be afforded a meaningful opportunity to challenge the necessity of Their detention through a hearing, and alien may be released on bond or Conditional parole if he is neither a danger to the Community nor a flight risk, 8 U.S.C. Section 1226(a)(2); See Casas-Castrillon, 535 F. 3d at 950-52 (Citing Cooper v. Oklahoma, 517 U.S. 348, 363, 116 S. Ct. 1373, 134 L. Ed. 2d 498 (1996). Further, given to that of over Two decades old old conviction of Mr. Agoro, there appear to be no public safety factors justifying his prolonged detention, and DHS/ICE can only determine whether Mr. Agoro poses a risk of flight or danger to the Community through an individualized bond hearing. See Zadvydas, 533 U.S. at 690 Citing Jackson v. Indiana, 406 U.S. 715, 738, 92 S. Ct. 1845, 32 L. Ed. 2d 435 (1972). Such hearing is particularly important when, as here, an alien is being deported for an offense committed many years prior to his detention and removal charges. See Garcia, 615 F. Supp. 2d at 180-181 ["For over a decade, Courts analyzing Section 1226(C) have consistently interpreted the statute to authorize the Government to take an alien into custody on or about the time he is released from custody for the offense that renders him removable."); Because the Nigeria Government has refused to issue Agoro travel document, Agoro faces a likelihood of indefinite detention by DHS/ICE. The ["36"] Months that Agoro has spent in ICE detention centers without the opportunity to argue for release. Moreover, Respondents have not indicated that their intention to afford Agoro a bond hearing. Collectively, these facts raise

serious constitutional concerns. However, as numerous prior Courts have recognized, the detention statutes can be interpreted to avoid such doubts. See I.N.S. v. St. Cyr, 533 U.S. 289-299-300, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001) ("[I]f an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is "fairly possible,"The Court are obliged to construe the statute to avoid such problems." [Citations Omitted].

See D'Alessandro v. Mukasey, 628 F. Supp. 2d 368 (W.D.N.Y. 2009)(same); Fuller v. Gonzales, No. 04 Civ. 2039 (SRU), 2005 U.S. Dist. LEXIS 5828, 2005 WL 818614, at *6 (D. Conn. April 8, 2005) (same). This makes sense given the Supreme Court's guidance that "prolonged or even indefinite detention of alien's" raises significant due process concerns. Demore, 538 U.S. at 531-532 (Kennedy, J., concurring).

Thus, it is of no point that Agoro is detained under a "mandatory" detention Statute—what a statute requires of a federal official and what the constitution Demands are not always in harmony. See Zadvydas, 533 U.S. at 699 ("We have Found nothing in the history of these statutes that clearly demonstrates a Congressional intent to authorize indefinite, perhaps permanent detention .... [T]o avoid a serious constitutional threat, we conclude that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute [Section 1231(a)]." (Citations Omitted). For Agoro who has been held for more than ["36"] Months on removal charges that is not even a deportable offense committed over Two decades ago and is now facing indefinite detention,

an individualized hearing on the necessity of his detention is constitutionally required. See Festus M. Okwilagwe v. INS 2002 U.S. Dist. LEXIS 3596. accompanied with the attached exhibits, The Consul General of Nigeria refused to issue a travel Document on diplomatic grounds, thus Agoro respectfully request from the Court To direct the respondents to provide Agoro with an individualized bond hearing, alternatively, release on Supervision, And to keep him within the Jurisdiction of the Alabama Field Office of Detention And Removal Operations through the completion of that hearing.

Respectfully Submitted

Babatunde Kareem Agoro
Etowah County Detention Facility
827 Forrest Avenue
Gadsden, AL. 35901

## CERTIFICATE OF SERVICE

I Babatunde Kareem Agoro, [Prose] hereby affirm under the penalty of perjury that the following is true, On the 18[th DAY] of January 2012 served the attached with accompanied exhibits to the United States Attorney's Office by U.S. Postal Service, by first class mail /priority and gave it to the Institutional Staff member to deposit it in an Institutional Official mail room addressed to:

UNITED STATES ATTORNEY'S OFFICE
NORTHERN DISTRICT OF ALABAMA
   1801 4th Avenue North
    Birmingham, Alabama. 35203.

                          Respectfully Submitted

                          Babatunde Kareeem Aoro
                          Etowah County Detention Facility
                          827 Forrest Avenue
                          Gadsden AL. 35901

**SWORN TO BEFORE ME THIS**
**18th DAY OF JANUARY 2012**

**NOTARY PUBLIC SEAL**

MY COMMISSION EXPIRES APRIL 27, 2014

6



## CONSULATE GENERAL OF NIGERIA
## NIGERIA HOUSE

828 Second Avenue, New York, New York 10017

Tel: 212 808-0301 . Fax: 212 687-1476
nigeriahouse.com

**Ref. No. 500/45/C/Vol.II**

December 16, 2011

**Embassy of the Federal Republic of Nigeria**
3519 International Court
Washington D.C. 20008

Dear Chancery,

### Re: BABATUNDE KAREEM AGORO- ALIEN NUMBER: 024624753

We wish to forward, herewith, for your information and further necessary action, copies of two letters written by this Consulate at the request of Babatunde Kareem Agoro, who was previously detained at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batazia, NY, which is within the Consulate's Jurisdiction, but has since been moved to the Etowah County Detention Facility, located at 827 Forest Avenue, Gadsden, Alabama 35901.

It is this Consulate's understanding from inmates in detention facilities that when foreign nationals are detained continuously in Immigration Detention Facilities beyond 180 days, in violation of **CFR 241**, a letter from the foreign nationals' Consulate or Embassy usually facilitates the early release of the detained foreign national, back into civil society, until Immigration authorities show that they are ready and capable of removing the foreign nationals, back to their home Country without delay.

As a result of above, on August 5, 2011, the Consulate wrote to the immigration authorities in Buffalo, New York, requesting Mr. Agoro's release. However, instead of releasing Mr. Agoro, he was transferred to another facility and has now once again reached out to the Consulate for intervention, by way of similar letter to be sent to Mr. Phillips Miller, his new Field Director in New Orleans, asking for an early release, pending if and when I.C.E. is finally able to remove him, in the unfortunate event his appeal is denied. In doing so, he informed the Consulate that he still has Appeals pending on his case, a fact that has since been verified by the Consulate.

Mr. Agoro and his family have expressed concern about the possibility of I.C.E. receiving the letter from New York and out of sheer mischief, sending a seperate request for travel documents to the Embassy in Washington or Consulate in Atlanta, hence the need to send copies of the document to our Embassy in Washington, DC and Consulate in Atlanta, hence the need for this letter.

Yours Ever
Chancery

CC: Consulate General of Nigeria, Atlanta
    8060 Roswell Road
    Atlanta, GA 30350

EXHIBIT 2



## CONSULATE GENERAL OF NIGERIA
### NIGERIA HOUSE

Tel: 212 808-0301 . Fax: 212 ...
nigeriahouse.com

Mr. Michael Phillips
Field Office Director
Immigration and Customs Enforcement
Department of Homeland Security
Office of Removal
130 Delaware Avenue
Buffalo, NY 14202

**RE:  BABATUNDE KAREEM AGORO- ALIEN NUMBER IS: 024624753**

The Consulate General of Nigeria, New York has received several letters and telephone calls from Mr. Babatunde Kareem Agoro, informing that, since January 16th 2009, he has been detained by The Immigration and Customs Enforcement (ICE), for a continuous period, without release, in violation of **CFR. 241.**

The Consulate has made several inquires on Mr. Agoro's case and has confirmed that no request for travel documents have been sent to its office, because Mr. Agoro has several appeals/ applications pending. It should be noted that the Nigerian Consulate has a policy of issuing travel documents to aid the removal of Nigerian citizens detained in the United States, **only** after it has interviewed the said detainees and is satisfied that they have no applications pending.

It is also this Consulate's understanding that Mr. Agoro has remained continuously in the United States for over thirty years, since his first entry on January 5th 1980, and has a disabled American Citizen spouse whom he has been married to for Thirty three years and their union is blessed with five American citizen children and four grand children, all residing here in the United States. Prior to his detention, Mr. Agoro was the major bread winner of his large family, and since his protracted detention, his family has suffered extreme and unusual hardship, and has been forced to rely on charity.

While this Consulate regrets Mr. Agoro's April 1st 1992 conviction, it is pleased to state that, Mr. Agoro has since been reformed and is the founder and senior pastor of The Prayer House Deliverance Church, where prior to his arrest, he has positively mentored a number of young adults, thereby making a remarkable impact in his community.

In light of the above, this Consulate most humbly request that since Mr. Agoro is well entrenched in his community and has deep family roots here in Brooklyn, he is not a flight risk and so should be granted a conditional release pending the determination of

While this Consulate regrets Mr. Agoro's past conviction, it is pleased to state that, Mr. Agoro has since been reformed and is the founder and senior pastor of The Prayer House Deliverance Church, where prior to his arrest, he has positively mentored a number of young adults, thereby making a remarkable impact in his community.

In light of the above, this Consulate most humbly requests that since Mr. Agoro is well entrenched in his community and has deep family roots here in Brooklyn, he is not a flight risk and so should be granted a conditional release pending the determination of all his appeals, since it is clear that he can not be removed until he has exhausted all remedies available to him under the United States legal system.

We would be grateful if kind consideration is given to our request.

Thank you.

G. Nnaji
For: Consul General

Cc: Officer Chris Purdy
Etowah County Detention Facility
827 Forest Avenue
Gadsden, AL 35901
USA

**Embassy of the Federal Republic of Nigeria**
3519 International Court
Washington D.C. 20008

The Consul General
Consulate General of Nigeria, Atlanta
8060 Roswell Road
Atlanta, GA 30350

Babatunde Kareem Agoro
New Orleans
USA

EXHIBIT "3"



# CONSULATE GENERAL OF NIGERIA
## NIGERIA HOUSE

Tel: 212 808-0301 . Fax: 212 687-1476
nigeriahouse.com

**Ref. No. 500/93/C/Vol.9**

December 16, 2011

Mr. Phillips T. Miller
Field Office Director
Immigration and Customs Enforcement
Department of Homeland Security
1250 Poydras, Ste. 325
New Orleans, LA 70113

**RE:    BABATUNDE KAREEM AGORO- ALIEN NUMBER: 024624753**

    The Consulate General of Nigeria, New York has received several letters and telephone calls from Mr. Babatunde Kareem Agoro, informing that, since January 16th 2009, he has been detained by the Immigration and Customs Enforcement (ICE), for a continuous period, without release, in violation of ***CFR. 241***.

    Mr. Agoro has provided the Consulate with documentation to show that he has several appeals/ applications pending. Kindly note that the Nigerian Consulate has a policy of issuing travel documents to aid the removal of Nigerian citizens detained in the United States, **only** after it has interviewed the said detainees and is satisfied that they have no applications pending.

    It is also this Consulate's understanding that Mr. Agoro has remained continuously in the United States for over thirty years, since his first entry on January 5th 1980, and has a disabled American Citizen spouse, whom he has been married to for Thirty three years and their union is blessed with five American citizen children and four grand children, all residing here in the United States. Prior to his detention, Mr. Agoro was the major bread winner of his large family, and since his protracted detention, his family has suffered extreme and unusual hardship, and has been forced to rely on charity.

all his appeals. Since it is clear that he can not be removed until he has exhausted all remedies available to him under the United States legal system.

We would be grateful if kind consideration is given to our request.

Thank you.

G. Onaji

For: Consul General

---

**FESTUS M. OKWILAGWE, Petitioner, VS. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**
**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**
**2002 U.S. Dist. LEXIS 3596**
**NO. 3-01-CV-1416-BD**
**March 2, 2002, Decided**

**Disposition:**

**Counsel** For FESTUS M **OKWILAGWE**, petitioner: Karl A Rupp, Attorney at Law, Federal Public Defender, Northern District of Texas, Dallas, TX USA.
Festus M **Okwilagwe**, petitioner, Pro se, Dallas, TX USA.
For IMMIGRATION & NATURALIZATION SERVICE, respondent: Susan L S Ernst, Attorney at Law, US Attorney's Office, Department of Justice, James Thomas Reynolds, Attorney at Law, Immigration & Naturalization Service, Department of Justice, Dallas, TX USA.
**Judges:** JEFF KAPLAN, UNITED STATES MAGISTRATE JUDGE.

Opinion

**Opinion by:** JEFF KAPLAN

Opinion

Petitioner Festus M. **Okwilagwe** has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application is granted.

Petitioner, a citizen of Nigeria, entered the United States as a student in 1984. (Resp. App. at 001). He became a permanent resident alien on April 28, 1987. (Id.). Thereafter, petitioner was twice convicted on state drug charges. On May 6, 1998, he pled guilty to possession of cocaine and was sentenced to 11 months imprisonment. (Id. at 002). On September 14, 1998, petitioner pled *nolo contendere* to possession of less than two ounces of marijuana and was sentenced to 42 days in jail. (Id. at 003-008). Based on these convictions, the Immigration and Naturalization Service ("INS") initiated removal proceedings under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i). 1 (Id. at 009). Petitioner was taken into custody by immigration officials and held without bond pending the outcome of removal proceedings. (Id. at 009-012).

On April 10, 2000, an immigration judge ordered petitioner removed to Nigeria. (Id. at 013-019). The Board of Immigration Appeals affirmed this decision. *In re* **Okwilagwe**, No. A28 303 939 (BIA Dec. 6, 2000). A petition for review to the Fifth Circuit was dismissed for lack of jurisdiction. ***Okwilagwe** v. Ashcroft*, No. 01-60286 (5th Cir. Apr. 12, 2001). Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2241.

Petitioner challenges his removal and continued detention on four grounds: (1) he was never convicted of a felony under Texas law; (2) his lengthy residence, family ties, and employment in the United States make him eligible for a cancellation of removal; (3) he was denied due process at his

removal hearing; and (4) he is entitled to release on bond pending his removal to Nigeria.

A.

The Court initially notes that petitioner's first three claims are barred by *res judicata*. On January 9, 2001--more than six months before this case was filed--petitioner sought habeas relief from another judge in this district. His prior section 2241 application presented four grounds for relief: (1) his underlying state conviction was obtained as a result of an illegal search and seizure; (2) the INS failed to prove by clear and convincing evidence that he committed an aggravated felony; (3) the immigration judge improperly determined that he was an aggravated felon; and (4) he was entitled to a cancellation of removal. On January 2, 2002, the magistrate judge recommended that habeas relief be denied on the merits. This recommendation was adopted by the district court on January 25, 2002. **Okwilagwe** v. *INS*, 2002 U.S. Dist. LEXIS 1335, 2002 WL 122526 (N.D. Tex. Jan. 25, 2002). 2

*Res judicata*, or claim preclusion, bars subsequent litigation between the same parties when a prior action involving the same claims or cause of action reached final judgment on the merits in a court of competent jurisdiction. *Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000), *citing Agrilectric Power Partners, Ltd. v. General Electric Co.*, 20 F.3d 663, 664-65 (5th Cir. 1994). Here, petitioner challenged his removal order in a prior habeas proceeding which was dismissed on the merits. Two of the grounds raised by petitioner in the instant case--that he is not an aggravated felon and is entitled to a cancellation of removal--were presented in the prior habeas case. Petitioner's due process claim arises out of the same removal order at issue in the prior action and could have been litigated in that case. Accordingly, those claims are barred by *res judicata*. 3

B.

In his only viable ground for relief, petitioner contends that he should be released on bond pending his removal to Nigeria. Section 241 of the INA provides, in relevant part:

> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . 8 U.S.C. § 1231(a)(1)(A). Although aliens subject to removal as aggravated felons are not eligible for release on bond, 4 the Supreme Court has held that aliens can be detained beyond the statutory 90-day removal period only for "a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 2498, 150 L. Ed. 2d 653 (2001). Detention for up to six months after the removal order becomes final is "presumptively reasonable." *Id.*, 121 S. Ct. at 2505. After that time:

> Once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.*Id.* If a federal habeas court determines that removal is not "reasonably foreseeable," the alien should be released from custody subject to conditions of supervised release that are "appropriate in the circumstances." *Id.* at 2504. Of course, the alien may be returned to custody if he violates any of those conditions. *Id.; see also Borrero v. Aljets*, 178 F. Supp.2d 1034, 1044 (D. Minn. 2001) (granting habeas relief to alien held more than 90 days after expiration of post-removal period, subject to conditions INS deems appropriate); *John v. Aljets*, 162 F. Supp.2d 1086, 1090-91 (D. Minn. 2001) (same, but remanding case to INS for consideration under standard set forth in *Zadvydas*).

The removal order in this case became final when the Fifth Circuit dismissed a petition for review on April 12, 2001. Yet petitioner remains in INS custody pending his removal to Nigeria. In order to determine whether removal is "reasonably foreseeable," the Court held an evidentiary hearing on

January 10, 2002. At this hearing, an INS deportation officer testified that arrangements had been made for petitioner to travel from Dallas to Buffalo, New York on January 28, 2002, and from Buffalo to Lagos, Nigeria on January 29, 2002. The INS was merely waiting for travel documents from the Nigerian Consulate in New York City. Although Batten represented that she had been promised these documents in "a few days," counsel for petitioner questioned whether the Nigerian government would accept petitioner in view of his medical condition. 5 At petitioner's request, the Court recessed the hearing so the parties could obtain additional information from the Consul General of Nigeria.

During the next 45 days, both petitioner and respondent communicated with Nigerian officials to determine whether or when travel documents would be forthcoming. Unable to get a definitive answer, the Court ordered the parties to depose the Consul General of Nigeria, or his designated representative, regarding this issue. This order was vacated after the Consul General objected to the deposition on diplomatic grounds. 6 When the evidentiary hearing reconvened on March 1, 2002, neither side presented any additional evidence. Thus, there is no way to determine whether the Nigerian government will issue the necessary travel documents to effect petitioner's removal in the reasonably foreseeable future.

The Court concludes that section 1231, as interpreted by *Zadvydas*, does not authorize the INS to detain petitioner indefinitely. Rather, the INS may detain aliens beyond the statutory 90-day removal period only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S. Ct. at 2498. In this case, the 90-day removal period began on April 12, 2001, when the Fifth Circuit dismissed a petition for review, and ended on July 12, 2001. It is now more than six months since the 90-day period ended, which means that petitioner's continued detention is no longer presumptively reasonable. Yet petitioner remains in custody today and, if left up to the INS, will remain there until such time, if any, as the Nigerian government issues travel documents to effect his removal. Such a result would be contrary to *Zadvydas*. Accordingly, habeas relief must be granted.

Petitioner's application for writ of habeas corpus is granted. Petitioner is hereby released from physical custody, subject to such terms and conditions as the INS deems appropriate, pending the issuance of travel documents by the Nigerian government to effect his removal.

The INS shall supervise petitioner pending his removal in accordance with the provisions of 8 U.S.C. § 1231(a)(3) and agency regulations. In particular, the INS may require petitioner:

> (a) to appear before an immigration officer periodically for identification;(b) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States government;(c) to give information under oath about his nationality, circumstances, habits, associations, and activities, and other information the INS considers appropriate; and(d) to obey reasonable written restrictions on his conduct or activities.Provided, however, that the INS may not detain petitioner under any regulation providing for the automatic detention of an alien who has been convicted of an aggravated felony, or for any other reason, other than for violating the conditions of his supervision.

Petitioner shall report to an immigration officer on **March 6, 2002** at **10:00 a.m.** at the INS Dallas District Office, Detention and Deportation Services, 8101 North Stemmons Freeway, First Floor, Dallas, Texas.

Petitioner shall fully cooperate with the INS to effect his prompt removal to Nigeria.

SO ORDERED.

DATED: March 2, 2002.

JEFF KAPLAN

UNITED STATES MAGISTRATE JUDGE

### Footnotes

1

This statute provides, in relevant part:

Any alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:* * * *Any alien who is convicted of an aggravated felony at any time after admission is deportable.8 U.S.C. § 1227(a)(2)(A)(iii). The term "aggravated felony" includes certain controlled substance violations. *See id.* § 1101(a)(43). In addition, "any alien who at any time after admission has been convicted of a violation of . . any law or regulation of a State . . . relating to a controlled substance . . . is deportable." *Id.* § 1227(a)(2)(B)(i).

2

Petitioner's first habeas case was originally dismissed for lack of jurisdiction on April 11, 2001. After the Supreme Court decided *St. Cyr*, petitioner filed a motion to reopen the proceedings. That motion was granted on August 27, 2001. Thereafter, his claims were considered and rejected on the merits.

3

The Court notes that petitioner is not prohibited from filing a second or successive habeas petition because, as an INS detainee, he is not in custody "pursuant to a judgment of a court of the United States." *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (holding that "gatekeeping" provisions of AEDPA do not apply to successive habeas petitions filed by INS detainees).

4

The relevant statute provides:

During the removal period, the Attorney General shall detain the alien. Under no circumstances during the removal period shall the Attorney General release an alien who has been found . . . deportable [as an aggravated felon].8 U.S.C. § 1231(a)(2).

5

Petitioner contracted spinal tuberculosis while incarcerated in the Dallas County Jail as an INS detainee. Although he was cleared for travel by his doctor on January 2, 2002, petitioner has expressed reservations about returning to Nigerian at this time due to his health. Apparently, the Consul General of Nigeria shares these concerns as it has not yet issued the necessary travel documents.

6

Article 43, Section 1 of the Vienna Convention on Consular Relations and Optional Protocols provides, in relevant part:

> Consular officers and consular employees shall not be amenable to the jurisdiction of the judicial or administrative authorities of the receiving State in respect of acts performed in the exercise of consular functions.VIENNA CONVENTION ON CONSULAR RELATIONS AND OPTIONAL PROTOCOLS, Apr. 24, 1963, art. 43, 21 U.S.T. 77, 1155 U.N.T.S. 31.